Manuel Joe CHAVEZ, Appellant,

v.

Fred R. DICKSON, Warden, California State Prison at San Quentin, California, Appellee.

Clyde BATES, Appellant,

v.

Fred R. DICKSON, Warden, California State Prison at San Quentin, California, Appellee.

Nos. 16590, 16622.

United States Court of Appeals Ninth Circuit.

June 16, 1960.

Rehearing Denied Aug. 17, 1960.

---

Gladstein, Andersen, Leonard & Sibbett, Richard Gladstein, Norman Leonard, San Francisco, Cal., for appellant Chavez.

Ruth Jacobs, San Francisco, Cal., for appellant Bates.

Stanley Mosk, Atty. Gen. for the State of California, Arlo E. Smith, Deputy Atty. Gen. of the State of California, for appellee.

Before MAGRUDER, HAMLEY and KOELSCH, Circuit Judges.

HAMLEY, Circuit Judge.

Manuel Joe Chavez and Clyde Bates, state prisoners under sentence of death, appeal from district court orders denying their applications for habeas corpus. Separate orders of denial were entered and separate appeals have been taken. The district court however, considered the applications together, and we will do likewise on these appeals.[1]

Appellants were jointly tried in the Superior Court of Los Angeles County on six counts charging felony-murder in violation of California Penal Code, § 189, and one count charging wilful and malicious burning of a building not a parcel of a dwelling, contrary to California Penal Code, § 448a. Each was convicted on all counts, the convictions for violation of section 189 being designated by the jury as first degree murder. The convictions were thereafter affirmed by the California Supreme Court. People v. Chavez, 50 Cal.2d 778, 329 P.2d 907, certiorari denied, Chavez v. California, 358 U.S. 946, 79 S.Ct. 356, 3 L.Ed.2d 353.

---

1. In this court appellants filed separate opening briefs but joined in a reply brief. Appellee filed one brief dealing with both appeals.

The charges and convictions grew out of an occurrence on April 4, 1957, when gasoline and lighted matches were thrown on the floor of the Mecca bar in Los Angeles. Six persons died in the resulting explosion and fire. The death sentences were imposed as a result of the convictions of first degree murder. One Manuel Hernandez was tried at the same time and convicted on similar counts. His sentence, however, was fixed at life imprisonment.

On these appeals it is contended that the district court erred in holding that each of the asserted grounds for relief set out in the respective applications for writs of habeas corpus is without merit. It is also argued with respect to each such ground, except the first, that the district court erred in refusing to examine the state court record before ruling on the applications.

In this opinion we will discuss, seriatim, the grounds for relief advanced in the applications. As to each such ground we will first consider whether the district court should have examined the record before ruling on such asserted ground. If it is concluded that such an examination was not required, we will then consider whether the trial court erred in holding such asserted ground for relief to be without merit.

The first asserted ground for relief set out in the applications is that California's construction of the Penal Code sections under which appellants were convicted had the effect in this case of depriving them of certain federally protected rights.

Appellants were indicted and convicted for violations of California Penal Code, §§ 189 and 448a, in that each of them was responsible for setting fire to a bar in Los Angeles, as a result of which six persons perished. Section 189 defines as murder in the first degree all murder which is perpetrated by means of certain specified acts, including "arson." Section 448a makes it a crime for a person to wilfully and maliciously burn any building not a parcel of a dwelling. The word "arson" does not appear in this section. In section 447a, however, it is provided that any person who wilfully and maliciously sets fire to "any dwelling house, or any kitchen, shop, barn, stable, or other outhouse that is parcel thereof, or belonging to or adjoining thereto * * * shall be guilty of arson."

In their appeals to the California Supreme Court appellants contended that only the offense proscribed by section 447a constitutes arson. Hence, it was argued, section 448a set forth a different offense which is not arson, and accordingly a violation of the latter section would not be an act of "arson" within the meaning of section 189 defining murder in the first degree. It was further pointed out that appellants could not have been found guilty of arson as defined in section 447a, since the Mecca bar was not a "dwelling" or any "outhouse that is a parcel thereof, or belonging to or adjoining thereto."

The California Supreme Court rejected this argument, holding that a violation of section 448a would be "arson" within the meaning of section 189 defining murder in the first degree. People v. Chavez, supra, 50 Cal.2d at pages 787–788, 329 P.2d 907. It is this construction of sections 189 and 448a which, according to appellants, has deprived them of certain federally protected rights.

As before noted, appellants do not here contend that the district court was required to examine the record of the state court proceeding before passing upon this first ground for relief asserted in the applications.[2] We therefore turn at once to a consideration of the argument that California's interpretation of sections 189 and 448a in this case has deprived appellants of certain constitutional rights.

■ First, it is argued, the construction which the California Supreme Court

---

2. An examination of the record of the oral argument before the district court indicates that no such request was made.

has placed upon these sections is "arbitrary and unreasonable." The contention here is that the meaning which that court has attached to the word "arson" as used in section 189 finds no support in either the common law or in the statutory law of California. Appellants disavow any contention that for this asserted reason we ought to reconstrue section 189 to mean something different than the California court says that it means.[3] They nevertheless urge that the California construction of the statute is so unfounded that the result has been to deprive them of due process of law.

It is difficult to perceive how this court can consider whether the state construction of the statute is arbitrary and unreasonable without in effect reviewing the correctness of the state court's interpretation of section 189. This, as noted in footnote 3, is not our function.

█ In any event the decision in People v. Chavez, supra, was reached with due regard to relevant considerations and materials. That court, speaking unanimously, based its interpretation of the statute upon its understanding of the legislative intent. The legislative intent was determined by analyzing the history of state legislation in this field and considering the interplay of other existing statutes. The court also cited its 1947 opinion in Ex parte Bramble, 31 C.2d 43, 187 P.2d 411, and quoted supporting language from the latter opinion. This is enough to convince us that whether right or wrong the interpretation placed upon section 189 in People v. Chavez, supra, was not arbitrary and unreasonable in any sense that could possibly have constitutional significance.

Under their second and third arguments based on the statutory question it is contended that the construction placed on section 189 whereby the term "arson" as therein used was held to embrace the crime defined in section 448a was announced for the first time in the decision handed down in People v. Chavez, supra, after appellants had been convicted. Thus, it is asserted, appellants did not at the time of the incident at the Mecca bar have notice that section 189 would be so construed. The result is, appellants argue, that California has increased the penalty to which appellants were actually subject when the alleged crimes were committed.

█ These arguments are necessarily predicated on the assumption that section 189 meant one thing from the date of its enactment to the date of the decision in People v. Chavez, supra, and something else thereafter. But to accept this view is to reject the interpretation which the California Supreme Court has placed upon the statute. That court undertook to construe the statute as of the date of enactment. We are bound to accept that construction as of that date. Hence, we are not free to hold that section 189 when enacted meant something different than the California court found it to mean in People v. Chavez. It follows that no *ex post facto* question could possibly arise.[4]

Appellant's fourth argument on this branch of the case is that California's construction of sections 189 and 448a resulted in appellants' conviction upon a charge not made against them. The point sought to be made is that appellants were really convicted of violations

---

3. Federal courts are bound by the interpretation placed upon the statute of a state by its highest court. State of Minnesota ex rel. Pearson v. Probate Court of Ramsey County, 309 U.S. 270, 273, 60 S.Ct. 523, 84 L.Ed. 744; Daloia v. Rhay, 9 Cir., 252 F.2d 768, 771; Duffy v. Wells, 9 Cir., 201 F.2d 503, 505.

4. As before noted, the California Supreme Court as early as 1947 had construed the word "arson" as used in § 189 as including the crime defined in § 448a. Ex

parte Bramble, supra. It is true that Bramble was not a felony-murder case. But in reviewing the sufficiency of indictments charging the crime of "arson," some of which made reference to fires in storebuildings rather than dwellings, the evolution of the word "arson" as used in California Statutes was reviewed in detail. It was specifically held in this connection that the crime defined in § 448a was appropriately designated in the indictments as "arson."

of section 447a, since this is the only statute relating to the setting of fires which uses the word "arson."

Appellants were not charged with or convicted of violations of section 447a, but rather of section 448a. Appellants' contention to the contrary is not based on the wording of the indictment or upon the nature of the evidence.[5] The basis of the contention is that only a violation of section 447a could be "arson" as defined in section 189. The California Supreme Court has held to the contrary, and we are bound by that construction.

This brings us to the fifth and final argument advanced by appellants with regard to the question of statutory construction. It is contended that the construction of the term "arson" as used in section 189 to include the crime defined in section 448a renders section 189 so vague and indefinite as to deprive appellants of due process of law.

The principle here invoked, as stated in Lanzetta v. New Jersey, 306 U.S. 451, 453, 59 S.Ct. 618, 619, 83 L.Ed. 888, is that "no one may be required at peril of life, liberty or property to speculate as to the meaning of penal statutes." In United States v. Petrillo, 332 U.S. 1, 7, 67 S.Ct. 1538, 1542, 91 L.Ed. 1877 it was stated that "the Constitution has erected procedural safeguards to protect against conviction for crime except for violation of laws which have clearly defined conduct thereafter to be punished * * *." It was there pointed out that this rule against vagueness is met where the statutory language "conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices."

Any vagueness which may have inhered in the penal statutes here in question at the time of their enactment was cured by the 1947 opinion of the California Supreme Court in Ex parte Bramble, supra.[6] This being true, we need not decide whether prior to that decision section 189 was void for vagueness as applied to persons accused of murder resulting from the setting of a fire.[7]

We conclude that California's construction of the Penal Code sections in question did not have the effect of depriving appellants of any federally protected right. The district court did not err in holding that this asserted ground for granting relief under the applications is without merit.

Another ground asserted in the applications of Chavez and Bates why relief should be granted relates to asserted improper statements made to the jury by the district attorney and the trial judge. Excerpts from the trial record setting out these statements were attached to the Chavez application as exhibits C and D. It was contended in the applications that the making of these statements, considered separately or in connection with other asserted procedural errors, deprived appellants of due process of law.[8]

In connection with the argument of this point before the district court, counsel for appellants urged the district judge to examine the record of the state court proceedings for the purpose of noting the context in which the statements of the district attorney and the trial

---

5. There was no evidence warranting a conviction under § 447a, since the Mecca bar was not a dwelling house or any "kitchen, shop, barn, stable or other outhouse that is a parcel thereof, or belonging to or adjoining thereto * * *."

6. See Winters v. People of State of New York, 333 U.S. 507, 510, 68 S.Ct. 665, 92 L.Ed. 840; Chaplinsky v. State of New Hampshire, 315 U.S. 568, 573, 62 S.Ct. 766, 86 L.Ed. 1031; Fox v. State of Washington, 236 U.S. 273, 277, 35 S.Ct. 383, 59 L.Ed. 573.

7. It may be noted that the rule against vagueness is most stringently applied when the state penal statute in question is intertwined with limitations on free expression. See Winters v. People of State of New York, supra. There is no such factor in the instant case.

8. The substance of the challenged statements and remarks is stated in the opinion in People v. Chavez, supra, 50 Cal. 2d at pages 792-793, 329 P.2d 907.

judge were made, and to inform himself as to the "climate" that was thereby created.[9]

The district judge declined to examine the state court record or any part thereof. Nor was a hearing held for the purpose of receiving evidence pertaining to this or any other point raised in the applications. No such hearing had been requested. In passing on this and all other questions presented, the district judge relied exclusively upon the applications and attached papers and the returns thereto, the opinion of the Supreme Court of California in People v. Chavez, and the oral argument of counsel for appellants and appellee.

Appellants argue here that the district judge erred in not examining relevant portions of the state trial record prior to ruling on the question of whether the assertedly improper remarks of the prosecution and the trial court had deprived appellants of due process of law.

■ Where an application by a state prisoner and the return thereto raise an issue of fact which if resolved in favor of the applicant would entitle him to relief, it is ordinarily necessary for the district judge to adjudicate the fact issue on the basis of evidence received by him in a hearing called for that purpose. In Brown v. Allen, 344 U.S. 443, 463–465, 506–507, 73 S.Ct. 397, 97 L.Ed. 469, however, it was held that the district judge may rely upon the state court adjudication of such fact issue if he examines the state trial record and satisfies himself that there is no "vital flaw" in the process of ascertaining such facts in the trial

court. In People of the United States ex rel. Jennings v. Ragen, 358 U.S. 276, 79 S.Ct. 321, 3 L.Ed.2d 296, it was specifically held that reliance upon a state court adjudication of a fact issue may not be predicated upon an examination of the opinion of the state supreme court, but requires that the state court record be reviewed.[10]

Appellee contends, however, that the question pertaining to the assertedly improper remarks of the prosecution and the state trial judge presented no fact issue concerning which the district judge was required to either hold a hearing or rely on a state court adjudication. If this contention is correct, there was no occasion for the district judge to examine the state court record with regard to this particular point, and the failure to do so was not error.

Appellants do not question the statement in the opinion of the California Supreme Court in People v. Chavez, supra, 50 Cal.2d at page 793, 329 P.2d 907, 916, that no objection was taken to the challenged remarks of the trial judge or to some of the questioned argument by the prosecution. As to these remarks and argument, it was held in People v. Chavez that failure to voice an objection in the trial court precluded the point from being raised on appeal.

■ State remedies will not be deemed to have been exhausted within the meaning of 28 U.S.C.A. § 2254 if the failure to obtain a final state adjudication was due to inexcusable nonconformity with state procedural requisites.[11] No reason was offered in the district

---

9. On the order of the court appellee had filed returns to the applications in which it was recited that Chavez and Bates were imprisoned and sentenced pursuant to valid judgments and commitments. At the same time the state had lodged with the district court a seventeen-volume transcript of the state trial proceedings consisting of the clerk's transcript containing 215 pages, the court reporter's transcript of the voir dire examination of the jurors comprising 695 pages, and the reporter's transcript of the remainder of the trial consisting of 2,912 pages. The

exhibits which were received at the trial and the tape recording to which reference will be made below were not lodged with the court.

10. See, also, Rogers v. Richmond, 357 U.S. 220, 78 S.Ct. 1367, 2 L.Ed.2d 1361; Townsend v. Sain, 359 U.S. 64, 79 S.Ct. 655, 3 L.Ed.2d 643.

11. Brown v. Allen, supra, 344 U.S. at page 487, 73 S.Ct. 397, 97 L.Ed. 469; Application of Hodge, 9 Cir., 262 F.2d 778, 782; Daugharty v. Gladden, 9 Cir., 257 F.2d 750, 756.

court or in this court as to why appellants should be excused for their failure to make timely objection in the state trial court to the questioned remarks of the prosecution and trial judge.

■ It follows that as to the criticized remarks concerning which no objection was made in the trial court, relief by federal habeas corpus is unavailable. Hence, as to such remarks no factual issue was presented and the district court was required to deny relief as a matter of law. Accordingly, the failure of the district court to examine the state record with reference to these remarks was not error.

■ With regard to some of the questioned remarks of the prosecution, defense counsel did make timely objections at the trial and requested that the prosecuting attorney be cited for misconduct.[12] The California Supreme Court held in People v. Chavez that the request to cite the prosecuting attorney for misconduct in making this statement was properly refused, since "the remarks were not evidence 'but purely a matter of argument.'"

The disposition which the California Supreme Court made of this point indicates that the only objection taken to the remarks in question was that they contained recitals of fact which were not supported by evidence in the case. This is borne out by an examination of the briefs which were filed in the California Supreme Court in connection with People v. Chavez.[13]

The conclusion of the state court that this prosecution argument did not necessitate reversal required no adjudication of fact but only a conclusion of law based upon an examination of the remarks in question. If the correctness of that conclusion may be reviewed in this habeas corpus proceeding, which we doubt, it is still true that no adjudication of fact is necessary in passing upon the question. It follows that there was no occasion for the district judge to examine the state court record with regard to this particular point, and the failure to do so was not error.

What is said above disposes of appellants' contention on this appeal that in dealing with the point raised in the applications concerning certain remarks made during the trial by the prosecution and the trial judge the district court was required to examine the state court record. Apart from the matter of examining the state court record, however, there is appellants' further contention that the district court erred in rejecting as a ground for relief the point regarding such remarks.

Concerning all of the questioned remarks of the trial judge and some of those of the prosecution, it has already been pointed out that appellants inexcusably failed to preserve the point for adjudication by the California Supreme Court, and so may not raise it here. As far as these remarks are concerned, therefore, the district judge could not have granted relief in these habeas corpus proceedings and did not err in declining to do so.

This leaves for consideration only those remarks of the prosecution which

12. The remarks to which reference is now being made were uttered during the prosecution's argument to the jury. In commenting on testimony to the effect that one of the people's witnesses had stated she hoped the guilty persons would get the gas chamber the prosecutor said: "I wish I had a dollar for every person in this community that did not know anyone that died there, did not even know where the place was; that when they saw it in the paper, made the same utterance that those who did it should die."

13. Following the oral argument in this court we called for the briefs which appellants and appellee had filed in People v. Chavez. In complying with this request appellants called attention to the fact that these briefs were not before the district court. We are nevertheless entitled to take judicial notice of the state appellate proceedings, and we called for the state briefs so that this might be done. In any event the same information is to be found in the state trial record which is before this court as part of the record on appeal.

are quoted in footnote 12. As before noted, the only objection taken thereto at the trial was that in making them the prosecution went outside the record. The California Supreme Court held otherwise, stating in effect that the remarks did not purport to recite facts but were purely a matter of argument.

It is questionable whether this state court determination is subject to review in this habeas corpus proceeding, but, assuming that it is subject to review as a prelude to determining whether any resulting prejudice could have deprived appellants of due process, we are convinced that the state court determination is correct. Members of the jury could not reasonably have understood that in making the questioned remarks the prosecuting attorney was undertaking to testify as to the facts or to represent that there was evidence in the record supporting his reference to community sentiment.

■■ But even if such remarks could have been so interpreted, or assuming that the impropriety of the remarks in any other respect had been raised and should have been sustained, no prejudice resulted which has constitutional significance. It is only where criminal trials in state courts are conducted in such a manner as amounts to a disregard of that fundamental fairness essential to the very concept of justice that due process is offended and that federal court interference is warranted. Lisenba v. People of State of California, 314 U.S. 219, 236, 62 S.Ct. 280, 86 L.Ed. 166.[14] In our opinion the remark of the prosecution quoted in footnote 12 did not result in a denial of fundamental fairness essential to the concept of justice.[15]

14. The same test was applied in Crooker v. State of California, 357 U.S. 433, 439, 78 S.Ct. 1287, 2 L.Ed.2d 1448, and Lyons v. State of Oklahoma, 322 U.S. 596, 605, 64 S.Ct. 1208, 88 L.Ed. 1481. In Cicenia v. LaGay, 357 U.S. 504, 509, 78 S.Ct. 1297, 1300, 2 L.Ed.2d 1523, and Payne v. State of Arkansas, 356 U.S. 560, 567, 78 S.Ct. 844, 2 L.Ed.2d 975, the test applied was "whether a conviction was attended by fundamental unfairness." In Snyder v. Commonwealth of Massachusetts, 291 U.S. 97, 105, 54 S.Ct. 330, 78 L.Ed. 674, followed in Rochin v. People of State of California, 342 U.S. 165, 169, 72 S.Ct. 205, 96 L.Ed. 183, Mr. Justice Cardozo said that what the Fourteenth Amendment protects are those principles of justice "so rooted in the traditions and conscience of our people as to be ranked as fundamental." In Palko v. State of Connecticut, 302 U.S. 319, 325, 58 S.Ct. 149, 152, 82 L.Ed. 288, also followed in Rochin, supra, Mr. Justice Cardozo referred to immunities "implicit in the concept of ordered liberty, and thus, through the Fourteenth Amendment, [have] become valid as against the states." In Malinski v. People of State of New York, 324 U.S. 401, 417, 65 S.Ct. 781, 789, 89 L.Ed. 1029 (concurring opinion), the test was said to be whether the state proceedings "offend those canons of decency and fairness which express the notions of justice of English-speaking peoples * * *." In Betts v. Brady, 316 U.S. 455, 462, 62 S.Ct. 1252, 1256, 86 L.Ed. 1595, the test applied was whether the criticized act or ruling during the state criminal trial constitutes "a denial of fundamental fairness, shocking to the universal sense of justice. * * *"

15. Depending upon the nature of an asserted trial court error, it may or may not be necessary to examine part or all of the trial proceedings in determining the extent of prejudice resulting from such error. Here an examination of the record is not necessary since the asserted error consists of a single incident, and the challenged remarks constituting that incident are set out verbatim as an exhibit attached to the applications. A review of other parts of the trial record would not in our opinion be helpful in measuring the prejudice, if any, resulting from the incident.

It may be noted that the rule of Brown v. Allen, supra, 344 U.S. at pages 506–507, 73 S.Ct. 397, 97 L.Ed. 469, relating to the examination of trial records under certain circumstances, refers to the adjudication of "basic" or "historical" facts which, as there explained, mean the recital of external events and the credibility of their narrators. That rule has no application when the inquiry has to do with the extent of prejudice flowing from a trial court error. What is called for in such an inquiry is an exercise of judgment and a conclusion of law, not a finding of fact.

A third ground asserted in the applications of Chavez and Bates why relief should be granted has to do with the fact that a police officer was permitted over objection to read as evidence two statements transcribed from tape recordings of conversations between police officers and Hernandez and between police officers and one Oscar Brenhaug. Excerpts from these statements were attached as exhibits A and B to the application of Chavez.

Appellants argue that the district judge erred in not examining the trial record for the purpose of ascertaining the context in which they were read to the jury and the "climate" or prejudice which resulted. They also contend that apart from the asserted error in this regard the district court erred in holding that the reading of these statements to the jury did not entitle appellants to relief in these habeas corpus proceedings.

The Hernandez statement was received solely as to him, and the jury was instructed that it should not be used in any way as to Chavez or Bates. Appellants allege, however, that the statement was so prejudicial as to them that it should not have been received despite its relevance as to Hernandez. The California Supreme Court, presented with the same question, held that the statement was admissible in view of its relevance as to Hernandez and the instruction given by the trial court.

■ Where there is no question concerning a federally significant external event such as the voluntariness of a confession or the knowing use of perjured testimony, trial court rulings on the admissibility of evidence may not be questioned in a federal habeas corpus proceeding. See Eberhart v. United States, 9 Cir., 262 F.2d 421. The fact that certain evidence is prejudicial is immaterial if in fact it was admissible. No federal question of fact or law was raised as to the reading of Hernandez' statement.

■ It follows that there was no occasion for the district judge to determine the extent of prejudice resulting from the reading of the Hernandez statement by examining the state record or otherwise. It likewise follows that the district court did not err in holding in effect that the question concerning the admissibility of this evidence, as discussed above, was not available to appellants in this habeas corpus proceeding.

The Brenhaug statement consisted of accusatory statements in response to questions put to him by the police in the presence of Chavez, Bates and Hernandez, together with the latters' reactions when asked what they had to say concerning Brenhaug's statement. The Brenhaug statement was received as to Hernandez and Bates, but not as to Chavez, and the jury was so instructed. Chavez alleges, however, that the statement was so prejudicial as to him that it should not have been received whether or not admissible as to Hernandez or Bates.

The California Supreme Court held that the statement was properly admitted as to Hernandez and that as to Chavez a proper cautionary instruction had been given. It follows that as to Chavez the reading of the Brenhaug statement presents no federal question of fact or law. Accordingly, as to him we reach the same conclusion as stated above with respect to the Hernandez statement.

With regard to Bates, however, the California Supreme Court held that it was error to read part of the Brenhaug statement. The reasoning behind this conclusion is set out in the opinion of that court, 50 Cal.2d at page 791, 329 P.2d 907, and need not be repeated here. The California Supreme Court further held, however, that error in this regard did not require reversal. That court stated in its opinion that Brenhaug testified to the same effect at the trial and was subjected to lengthy cross-examination. This and other evidence properly received, that court held, amply established the case against Bates. Moreover, the California Supreme Court stated, Bates' position at the trial was not based on a denial of what happened on the night of the fire, but on the contention, rejected by the jury, that he was then so

intoxicated that he must be deemed guiltless of the crime.

This reasoning by the California Supreme Court, did not involve any adjudication of fact concerning an external event. Nor do appellants here question any of the fact recitals in the state court's opinions. The determination by the California Supreme Court that the trial court error was not prejudicial is a conclusion of law and not an adjudication of fact. See footnote 15.

We conclude that as to Bates the reading of the Brenhaug statement presents no issue of fact within the meaning of the Brown v. Allen rule.[16]

 A question of law is presented as to whether the trial court error was so prejudicial as to deprive Bates of due process of law. As to this the federal district court was not bound by the state court conclusion that the error was not prejudicial.

 As before noted, the factual basis relied upon by the state supreme court in holding that the error as to Bates in permitting the Brenhaug statement to be read was not prejudicial has not been questioned by appellants. Adverting to that same factual basis, it is our view that the reading of that statement, which was error in so far as Bates is concerned, was not so prejudicial as to constitute a denial of fundamental fairness essential to the concept of justice. See Lisenba v. People of State of California, supra, and footnote 14.

Finally, with regard to the reading of the Hernandez and Brenhaug statements it is alleged that the transcribed statements were not accurate representations of the recorded conversations. Amplifying this allegation, counsel for Chavez told the district judge at the oral argument on these applications that the trial judge provided an opportunity for counsel to hear the tape recording from which the statements were transcribed. This was done before the statements were received in evidence. The trial judge did not himself listen to the recording.

Further amplifying this allegation, the district judge was told that when the statements were sought to be read to the jury, counsel for appellants represented to the trial judge that the transcriptions were not in accord with the tape recordings. The trial court was told that there were many places where the recordings were completely unintelligible and that there were glaring disparities between the recordings and the transcriptions. The state trial judge, according to appellants' representations to the district judge, nevertheless declined to listen to the recordings. The state judge permitted the transcribed statements to be read to the jury on the police officer's testimony that in so far as his information was concerned the statements were substantially correct.

The district judge was urged to call for the recordings and listen to them himself for the purpose of ascertaining the accuracy of the transcriptions and the extent of any prejudice arising from the use of inaccurate transcriptions. The judge declined to do so, holding in effect that he was entitled to rely upon the state trial court's acceptance of the police officer's testimony that the statements were substantially correct.

 As stated earlier in this opinion, state court rulings on the admissibility of evidence are not subject to review in federal habeas corpus proceedings where no question is presented concerning a federally significant external event. Here, however, the trial court ruling that the transcribed statements were admissible required that court to adjudicate the facts concerning an external event: the accuracy of the transcriptions. This external event has fed-

---

16. In all that is said above regarding the presence of an issue of fact concerning the reading of the Hernandez and Brenhaug statements, we intend to reserve for separate discussion below the question as to the accuracy of the transcribed statements.

eral significance if the transcriptions were grossly inaccurate, to the substantial prejudice of appellants. In that event there would, in our opinion, be a denial of that fundamental fairness in the trial proceedings to which appellants were entitled under the Due Process Clause.

■■■ It follows that with respect to the contention that the transcribed statements were grossly inaccurate an issue of fact is raised which, if resolved in favor of appellants, would entitle them to relief. Concerning that issue of fact the district judge was required to make an adjudication of his own following a hearing at which evidence could be presented unless, under the circumstances outlined in Brown v. Allen, he chose to rely upon the state court adjudication of that fact. He followed neither course. As indicated in the Jennings, Rogers and Townsend cases, supra, it is therefore necessary to vacate the judgment and remand the case to the district court for further proceedings.

■■■ At such further hearing the tape recordings should be called for and listened to, and the trial court proceedings relative to the use of the transcribed statements should also be examined. The fact that parts of the recordings may be unintelligible and were therefore not included in the transcribed statement would not constitute a denial of due process unless it is apparent that substantial prejudice resulted therefrom. But a material variance between intelligible portions of the recordings and the transcribed statements substantially prejudicing appellants would require federal relief, provided that the point was properly raised and preserved at the trial.

The final ground asserted in the applications of Chavez and Bates why relief should be granted has to do with the introduction of certain photographs taken at the scene of the fire. Two of the photographs show the bodies of persons inside the premises. They were used in connection with the testimony of a fire-

man who was called as an arson expert to testify as to the point where the fire originated. The California Supreme Court held that their probative value outweighed the danger of prejudice to appellants and that the trial court accordingly did not abuse its discretion in permitting their introduction.

The other photographs showed the bodies of the victims after their removal from the premises. They were admitted to prove the degree of burns on certain bodies. Appellants, however, offered to stipulate to the cause of death and the identification of the victims. The California Supreme Court held that in view of this offered stipulation it was an abuse of discretion to overrule the objections to the latter photographs. That court held, however, that in view of the entire record, including the testimony as to the burned condition of several bodies, the error did not result in a miscarriage of justice, citing California Constitution, art. VI, § 4½.

As to the photographs taken at the premises, our discussion of the Hernandez statement is applicable. In view of the state court ruling that the probative value of the photographs outweighed the prejudice resulting from their introduction, no federal question of fact or law is presented. Hence, it was not incumbent upon the district court to call for and examine those photographs or to examine any part of the state court records. Nor did the district court err in holding that introduction of these photographs did not entitle appellants to relief in these habeas corpus proceedings.

■■■ With regard to the remaining photographs, the question presented in these habeas corpus proceedings is whether the erroneous introduction was so prejudicial as to deny appellants a fundamentally fair trial. In considering this issue no question of fact is presented in the sense used in Brown v. Allen, since the problem does not concern an event external to the trial or the credibility of narrators of such an event.

It is nevertheless true that appellants cannot adequately present the question of law as to the extent of prejudice unless the photographs are actually examined by the trial court. While it is not denied that they are gruesome and revolting, adjectives are a poor substitute for the visual evidence. Excerpts of the transcribed statements and challenged arguments and remarks could be attached as exhibits to the applications. This was not possible with regard to photographs received as exhibits at the state trial.

Since this cause is to be remanded for further proceedings in connection with the asserted inaccuracy of the transcribed statements, we think the district court should at the same time examine the photographs taken away from the premises as an aid in redetermining whether their introduction has deprived appellants of due process. The photographs will then be in the record of the habeas corpus proceedings in the event such proceedings again come before this court.[17]

While not required by the rule of Brown v. Allen, the district court may find it advisable at the same time to consult any specific part of the trial proceedings to which its attention may be called by the parties as having a bearing upon this question of prejudice. It is to be noted that the California Supreme Court found it desirable to examine the trial proceedings in this connection. While that court in discussing the point made reference to "the entire record," it took special note of certain testimony bearing upon the point. The district court is under no obligation to review the entire record in dealing with this question.

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

Should the orders entered after further proceedings lead to new appeals, they may be heard upon the present record and briefs, appropriately supplemented.

---

17. It may be noted that the California Supreme Court has recently reversed the imposition of a death penalty in a case in which gruesome photographs were improperly received. The court held, however, that this error did not have any bearing on the jury's determination that the defendant was guilty of murder in the first degree. See People v. Love, 53 Cal.2d 843, 3 Cal.Rptr. 665, 350 P.2d 705.