**Marion James LINDEN, Appellant,**

v.

**Fred R. DICKSON, Warden, California State Prison, San Quentin, Appellee.**

No. 16941.

United States Court of Appeals Ninth Circuit.

Jan. 31, 1961.

Rehearing Denied Feb. 21, 1961.

for murdering a policeman, appeals from a district court order dismissing his application for a writ of habeas corpus. This is the second time that he has been before this court, and he has been before the California Supreme Court on three occasions.[1]

Less than three weeks after we affirmed the denial of Linden's first application to the district court for a writ of habeas corpus, he filed the instant application in that court. In this application he presented no matter of which he was not fully aware when he filed his first application in the district court. The district court denied the second application on the day it was filed, without issuance of an order to show cause, without a hearing, and without examination of the state court record. Linden then appealed to this court. We issued a certificate of probable cause, granted leave to appeal in forma pauperis, and stayed execution until further order of this court.

The only ground urged by Linden for reversal is that the district court erred in dismissing the instant application without first examining the state court record.

■ When an application by a state prisoner for a writ of habeas corpus and the return thereto, if any, presents a question of fact which if resolved in favor of the applicant would entitle him to relief, it is ordinarily necessary for the district court to adjudicate the fact issue on the basis of evidence received

---

Marion James Linden, in pro. per.

Stanley Mosk, Atty. Gen. of California, Albert W. Harris, Deputy Atty. Gen. of California, for appellee.

Before HAMLEY, HAMLIN and KOELSCH, Circuit Judges.

HAMLEY, Circuit Judge.

Marion James Linden, a California state prisoner under sentence of death

1. The murder was committed on March 17, 1957. Linden's conviction and sentence was affirmed by the California Supreme Court on April 22, 1959, rehearing denied on May 20, 1959. People v. Linden, 52 Cal.2d 1, 338 P.2d 397, certiorari denied October 19, 1959, 361 U.S. 867, 80 S.Ct. 127, 4 L.Ed.2d 106. Without waiting until the Supreme Court had acted upon his petition for a writ of certiorari Linden applied to the California Supreme Court on July 30, 1959, for a writ of habeas corpus. The application was denied on August 3, 1959. Linden v. Dickson, No. 6519, Cal.Sup.Ct., unreported.

The next day Linden again applied to that court for a writ of habeas corpus and at the same time filed a similar application in the United States District Court for the Northern District of California, Southern Division. His second application in the California Supreme Court was denied on August 5, 1959. Linden v. Dickson, No. 6520, Cal.Sup.Ct., unreported, certiorari denied 361 U.S. 969, 80 S.Ct. 600, 4 L.Ed.2d 549. His application to the federal district court was also denied on August 5, 1959, and we affirmed on March 24, 1960. Linden v. Dickson, 9 Cir., 278 F.2d 755.

at a hearing called for the purpose. Chavez v. Dickson, 9 Cir., 280 F.2d 727, 733.

If, however, such question of fact has been adjudicated in a state court proceeding the district court may in its discretion rely thereon, providing it first examines the state court record and satisfies itself that there is no "vital flaw" in the state court adjudication.[2]

We turn to an examination of the application for a writ of habeas corpus for the purpose of determining whether any fact was alleged which if taken as true entitled Linden to relief. In order to entitle him to relief by way of habeas corpus the alleged fact assumed to be true must be one which would warrant the conclusion that Linden is in custody in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. A. § 2241(c) (3); Sampsell v. People of State of California, 9 Cir., 191 F.2d 721, 723.

Two of the allegations of fact made in Linden's application pertain to the state court hearing held for the purpose of considering his proposed corrections of the court reporter's transcript of the trial proceedings. One of these is to the effect that the court denied his request for a continuance to allow time for him to prepare for that hearing and for the subpoenaing of witnesses to testify in his behalf at that hearing.[3] Linden states in his application that the California Supreme Court rejected the attack on the judgment based on this allegation on the allegedly erroneous ground that any error in regard to the disallowance of a continuance or the failure to subpoena witnesses did not result in a miscarriage of justice within the meaning of article 6, section 4½ of the California state constitution.[4]

Linden does not disclose in his application the nature of the corrections he had proposed. However, the nature of these objections became clear during the settlement proceeding and is described in the opinion of the California Supreme Court, People v. Linden, 52 Cal.2d 1, 32 n. 11, 338 P.2d 397, 413 n. 11.

■ Reliance on a state supreme court opinion does not satisfy the requirement that a state court record must be examined for vital flaws before a state adjudication of a disputed question of fact may be accepted.[5] But as to facts which are not disputed an unchallenged recital thereof in a state supreme court may be accepted as true by the district court and this court. Linden v. Dickson, 9 Cir., 278 F.2d 755, 759. Linden does not question the recital of these facts as set forth in the above-cited opinion of the California Supreme Court.

■ The only corrections which Linden proposed were with reference to an incident which occurred during or at the close of the opening argument of the prosecuting attorney when a juror spoke. The court reporter's transcript recites that the defendant's advisor said that one of the jurors wanted to speak. Linden wished the record corrected to show that the defendant's advisor did not make

2. Brown v. Allen, 344 U.S. 443, 463–465, 506–507, 73 S.Ct. 397, 437, 97 L.Ed. 469; Chavez v. Dickson, 280 F.2d at page 733; Cranor v. Gonzales, 9 Cir., 226 F.2d 83, 92–94.

3. Linden also alleged in effect that the court denied a continuance to enable court-appointed counsel to prepare for the hearing. This particular allegation will be considered at a later point in this opinion.

4. Article 6, section 4½ of the California state constitution reads as follows:
   "Sec. 4½. No judgment shall be set aside, or new trial granted, in any case, on the ground of misdirection of the jury, or of the improper admission or rejection of evidence, or for any error as to any matter of pleading, or for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice."

5. United States ex rel. Jennings v. Ragen, 358 U.S. 276, 277, 79 S.Ct. 321; Chavez v. Dickson, supra, 280 F.2d at page 733.

such a statement. The court reporter's transcript records that the juror stated "I worried * * * all night." Linden claims that the juror actually said she "cried" all night over something the prosecutor said the previous day. The court reporter's transcript records that the discussion concerning the juror's question occurred after the prosecuting attorney had concluded his opening argument. Linden wanted this corrected to show that this discussion occurred at 11 a. m., before the prosecuting attorney had concluded his opening argument.

■ As pointed out in the opinion of the Supreme Court of California, the proposed corrections were inconsequential and immaterial to the disposition of that appeal. Hence, if there was error in the failure to grant a continuance so that Linden could prepare himself for the hearing, or in the failure to subpoena witnesses to support his proposed corrections, it was not of a kind which could possibly bring into play the due process clause of the fourteenth amendment. As applied to a state criminal proceeding, "denial of due process is the failure to observe that fundamental fairness essential to the very concept of justice." Lisenba v. People of State of California, 314 U.S. 219, 236, 62 S.Ct. 280, 290, 86 L.Ed. 166.

It follows that the allegations of fact under discussion, taken as true, do not entitle Linden to habeas corpus relief. Therefore no hearing or examination of the state court record was necessary before the district court decided against Linden on this aspect of his application.

■ Linden also asserts in his application that he was deprived of the right to have the assistance of counsel at the settlement hearing. Here again he argues that the only reason the California Supreme Court did not reverse on this ground is because it concluded that there had been no miscarriage of justice. In support of his assertion that he was deprived of the right to have the assistance of counsel at the settlement hearing Linden made the allegations of fact set out in the next two paragraphs of this opinion.

Copies of the transcript were duly delivered to Linden at San Quentin prison. Representing himself, he proposed certain corrections. The trial court set October 30, 1957, as the date for hearing of the proposed corrections. On October 28, 1957, Linden petitioned the trial court to appoint counsel to represent him at the hearing and for a continuance to allow him and the attorney to prepare themselves. On the afternoon of October 29, 1957, the court appointed a member of the California Public Defender's office to represent Linden at the hearing.

On the morning of the hearing, October 30, 1957, Linden had a few minutes to talk to the attorney. They disagreed as to procedure. Because of this and because under the circumstances he regarded the attorney as "ill prepared," Linden asked the court for permission to represent himself. He also requested, however, that an attorney be appointed to sit with him in an advisory capacity. The court permitted Linden to represent himself but denied his request that a lawyer be appointed to serve as an advisor. Linden proceeded in the hearing under protest, claiming that he was being deprived of a constitutional right.

In dealing with the contention concerning assistance of counsel, the district court in the instant proceeding did not decide whether these allegations, if presented in an initial habeas corpus proceeding and taken as true, would entitle Linden to relief. Instead, it declined to consider the issue at all because in its view the same argument had been considered and rejected in the first federal habeas corpus proceeding.

In his previous habeas corpus application in federal court Linden asserted that he had been deprived of the right to be represented by counsel at his trial. This assertion was predicated on the allegation that by reason of mental incompetency his purported waiver of such assistance at the trial was not intelligently made.

Having thus opened up the question as to unconstitutional deprivation of the right to counsel, Linden should have presented all facets thereof concerning which he had knowledge of the facts and appreciation of their legal significance. He should not have limited his presentation in that proceeding to the matter of assistance of counsel at the trial if he then believed that a similar problem existed with respect to the settlement hearing or any other phase of the state court proceedings. Otherwise an applicant could start with the question of representation by counsel at the arraignment and if that contention were rejected could institute a succession of habeas corpus proceedings, each raising the same question with reference to the trial, the sentencing, settlement of the transcript, and appeal. This would be a plain abuse of the judicial process.

■ The view just expressed is not based upon the principle of res judicata. The inflexible doctrine of res judicata does not apply to a decision on habeas corpus refusing to discharge a prisoner.[6] But apart from that doctrine, where the same ground for relief has been adjudicated in a prior federal habeas corpus proceeding a federal judge is not required to reconsider it in a subsequent habeas corpus proceeding if he is satisfied that the ends of justice will not be served by such inquiry. 28 U.S.C.A. § 2244. Egan v. Teets, 9 Cir., 251 F.2d 571, 577.

Since Linden was present at the state court settlement proceedings he had personal knowledge of all the relevant facts concerning the asserted deprivation of his right to the assistance of counsel at that hearing. Moreover, he was fully aware of the legal significance, if any, of those facts, since he urged the same point on his appeal to the California Supreme Court. See People v. Linden, 52 Cal.2d at pages 30–31, 338 P.2d at pages 412–413. Under these circumstances we do not regard Linden's present contention relative to denial of assistance of counsel as presenting a new ground.[7]

The district court would thus have been warranted, in the exercise of its discretion and if satisfied that the ends of justice would not be served by such inquiry, in declining to further adjudicate the question of deprivation of the right to counsel.

But the difficulty here is that we are unable to say on this record that the district court did exercise its discretion in this regard and did conclude that the ends of justice did not require a further inquiry. For all that appears, that court may have rejected this contention by Linden on the ground that res judicata precluded consideration of the issue.[8] Under these circumstances, and especially since this is a capital case, we are not content to rest on the district court's disposition of the point.

In Chessman v. Teets, 354 U.S. 156, 162–163, 77 S.Ct. 1127, 1131, 1 L.Ed.2d 1253, it was held that proceedings to settle a seriously disputed record on a California appeal from a judgment of death are "a necessary and integral part of the compulsory appeal." Under such circumstances, the Supreme Court there held, the defendant is entitled to be represented throughout those proceedings "either in person or by counsel."

In the Chessman case the dispute as to the record of the trial court proceedings involved some two hundred proposed

6. United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 263 n. 4, 74 S.Ct. 499, 98 L.Ed. 681; Darr v. Burford, 339 U.S. 200, 214, 70 S.Ct. 587, 94 L.Ed. 761.

7. See Wong Doo v. United States, 265 U.S. 239, 240, 44 S.Ct. 524, 68 L.Ed. 999; Swihart v. Johnston, 9 Cir., 150 F.2d 721, 723.

8. The following sentence is all that the district court said on this matter in its written opinion:

"This particular assertion has been considered and passed upon adversely to petitioner by this court in the case of Linden v. Dickson, [278 F.2d 755] No. 16,561, decided March 24, 1960, in which the Court of Appeals for the Ninth Circuit sustained Judge Goodman in his ruling."

corrections, many of which were potentially significant. Moreover, there was the unusual circumstance that the court reporter of the trial proceedings had died while two thirds of his shorthand notes were yet to be transcribed. Chessman had charged fraud in connection with the completion of the record by another reporter. Yet Chessman was neither present in person nor represented by counsel in that settlement proceeding.

▇▇▇ In the instant case, as already noted, the three proposed corrections of the record were inconsequential. There were no complicating circumstances, as in Chessman.[9] Moreover, Linden was present in person throughout the settlement proceeding. Thus, granting that Linden was denied the right to be represented by counsel who had been given a reasonable opportunity to prepare himself,[10] we do not believe that there was a deprivation of due process of law. Deprivation of the right to counsel in a state criminal proceeding is violative of due process only if the defendant is so prejudiced thereby as to infect the proceeding with an absence of "that fundamental fairness essential to the very concept of justice."[11]

It follows that the allegations of fact concerning denial of assistance of counsel at the settlement hearing, taken as true, do not entitle Linden to habeas corpus relief. Therefore no hearing or examination of the state court record was necessary before the district court decided against Linden on this point.

▇▇ In Linden's application allegations are made concerning the selection of a Mrs. Tepper to serve as an alternate juror at his trial, Linden contending that she was not impartial. The California Supreme Court, dealing with these same allegations, ruled that the voir dire examination of which Linden complains revealed no ground of challenge for cause. People v. Linden, supra, 338 P.2d at page 407. This is a determination as to local law which we will not question.

That court also pointed out that Linden had available a peremptory challenge which he could have used to remove Mrs. Tepper from the jury. His counsel, however, chose to use that peremptory challenge to remove another juror. Mrs. Tepper did not participate in the deliberations which led to the verdict.

Assuming the truth of the factual allegations concerning this alternate juror, we conclude that no fundamental unfairness was shown and accordingly these allegations afford no basis for federal habeas corpus relief. Hence the district court was not required to hold a hearing or examine the state court record in disposing of the contention based on these allegations.

▇▇ Linden's application contains allegations that, as a result of fraud and

---

9. Linden does allege in his petition that a statement of the trial judge which bears upon the voluntariness of his waiver of counsel at the trial was omitted from the reporter's transcript by reason of fraud and conspiracy between the reporter and the prosecutor. But no such contention was made by Linden at the settlement proceeding or on his appeal to the California Supreme Court. Appellant asserts he advanced this contention for the first time in his petition for rehearing to that court; appellee claims it was first made in a petition for habeas corpus three days before the execution date originally set. The matter was considered by the California Supreme Court in its denial of certiorari. This matter is further discussed at a later point in this opinion.

10. The right to the assistance of counsel means effective assistance. Avery v. State of Alabama, 308 U.S. 444, 446, 60 S.Ct. 321, 84 L.Ed. 377; Powell v. State of Alabama, 287 U.S. 45, 59, 53 S.Ct. 55, 77 L.Ed. 158. There cannot be effective assistance if a reasonable opportunity to prepare for such representation has not been granted.

11. See Crooker v. State of California, 357 U.S. 433, 438–440, 78 S.Ct. 1287, 1292, 2 L.Ed.2d 1448; Lisenba v. California, supra, 314 U.S. at page 236, 62 S.Ct. at page 290.

conspiracy involving the court reporter and the prosecuting attorney, there was omitted from the transcript a significant remark by the trial judge made at the time Linden's waiver of counsel was under discussion. The remark was allegedly to the effect that in certain instances a judge could place a defendant in a soundproof booth. Because of this remark, Linden asserts, he was coerced into waiving the assistance of counsel at his trial. As stated earlier in this opinion, Linden first advanced this contention in his petition for rehearing to the California Supreme Court or in a second application to that court for a writ of habeas corpus. See footnote 9.

If any such remarks were omitted from the transcript that fact was known to Linden at the time of the settlement hearing. Under California law his failure to raise the question at that time or on the later appeal constituted a waiver of any such ground for challenging the transcript. People v. White, 115 Cal.App.2d 828, 833, 253 P. 2d 108, 110–111. Likewise, under California law any issue which might have been raised on appeal will not be considered in a collateral attack on the judgment by way of habeas corpus. Ex parte Smith, 161 Cal. 208, 118 P. 710.

State remedies are not deemed to have been exhausted within the meaning of 28 U.S.C.A. § 2254 if the failure to obtain a final state adjudication was due to inexcusable nonconformity with state procedural requisites. Daugharty v. Gladden, 9 Cir., 257 F.2d 750, 756. Moreover, under the indicated circumstances the failure to raise the question at the appeal proceedings where Linden was represented by counsel constituted a waiver of any right which might have been asserted. Egan v. Teets, 9 Cir., 251 F.2d 571, 576–577.

In view of what is said above the alleged omission of the judge's remark from the court reporter's transcript could not be made the basis of habeas corpus relief. Accordingly, the court did not err in rejecting the contention based on these allegations of fact without first holding a hearing or examining the state court record.

Linden's application contains other isolated allegations of fact and certain legal conclusions, all of which have been examined. In our opinion none of the allegations of fact was of a kind which if true would entitle Linden to relief. Nor do we find any merit in any of the legal arguments.

The judgment is affirmed.