Elizabeth Ann DUNCAN, Appellant,

v.

Iverne E. CARTER, Superintendent of the California Institution for Women at Corona, California, Appellee.

No. 17529.

United States Court of Appeals Ninth Circuit.

Jan. 22, 1962.

Ward Sullivan and Arthur Warner, Beverly Hills, Cal., Frank Duncan, Leonard Nasatir, Los Angeles, Cal., for appellant.

Stanley Mosk, Atty. Gen., William E. James, Asst. Atty. Gen., for appellee.

Before CHAMBERS, HAMLEY and HAMLIN, Circuit Judges.

HAMLEY, Circuit Judge.

Elizabeth Ann Duncan appeals to this court from a district court order denying her application for a writ of habeas corpus. Having been convicted of murder in the first degree in the Superior Court, Ventura County, State of California, and being under a sentence of

death, she is presently in the custody of the state.[1]

The Superior Court judgment and sentence came before the Supreme Court of California for review and was affirmed. People v. Duncan, 53 Cal.2d 803, 3 Cal. Rptr. 351, 350 P.2d 103.

Mrs. Duncan then petitioned the United States Supreme Court for a writ of certiorari. The petition was granted, limited to the two questions set out below. Baldonado v. California (Duncan v. California), 363 U.S. 840, 80 S.Ct. 1639, 4 L.Ed.2d 1735.[2]

On May 22, 1961, that court entered a per curiam opinion, sub nom. Baldonado v. California, 366 U.S. 417, 81 S.Ct. 1355, 6 L.Ed.2d 380, reading as follows:

"After hearing oral argument and on due examination of the records, we conclude that the totality of circumstances disclosed fails to support the substantial due process issues tendered in the petitions for certiorari, and so we dismiss the writs."

Mrs. Duncan thereafter filed in the district court the instant application for a writ of habeas corpus. An order to show cause was issued, in response to which the Superintendent of the California penal institution in which Mrs. Duncan is incarcerated filed a return and a motion to dismiss the petition.

Shortly thereafter argument was had on the motion to dismiss. Resisting this motion, counsel for Mrs. Duncan requested that a hearing be held at which evidence could be submitted. It was also requested that, before acting on the motion to dismiss, the district court examine the state court trial record which had

not yet been returned from the United States Supreme Court. Argument was also advanced in support of the grounds relied upon in the petition. During the course of this argument a motion was made on behalf of Mrs. Duncan to amend the petition for the purpose of adding additional allegations of fact.

The requests and motions made on behalf of Mrs. Duncan were resisted by appellee and counter arguments were advanced on the merits. The court denied the request that a hearing be had at which evidence could be presented and refused to examine the state court record. The district court also denied the motion to amend the petition, and denied the petition. This appeal followed.

Appellant contends that the district court erred in refusing to hold a hearing at which evidence could be presented, and in failing to examine the state court record, before ordering dismissal of the application.

■ It was not necessary for the district court to hold a hearing at which evidence could be presented or, in substitution therefor, examine the state court record, unless the application and the return thereto raised an issue of fact which, if resolved in favor of the applicant, would entitle her to relief. See Chavez v. Dickson, 9 Cir., 280 F.2d 727.

■ The first ground for relief, as alleged in the application, was that extensive adverse publicity prior to, and perhaps during, the trial deprived her of due process under the Fourteenth Amendment. In appellee's return the facts pertaining to such publicity were not controverted, but it was contended that the

---

1. A certificate of probable cause having been issued by the district judge who rendered the order, we have jurisdiction of the appeal under 28 U.S.C. § 2253. We have stayed the execution pending disposition of the appeal.

2. "1. Was petitioner's right to the trial guaranteed by the Due Process Clause of the XIV Amendment violated in view of the conduct of the District Attorney, the resulting publicity, and the other circumstances under which the trial was held?

"2. Was there a violation of petitioner's right to a fair trial, as guaranteed by the Due Process Clause of the XIV Amendment of the Constitution of the United States of America, where in a trial of a capital offense by jury, the trial court permitted to remain in the jury box and sit in judgment, three jurors who had entered the jury box with fixed opinion as to petitioner's guilt, and retained such opinion while being examined on voir dire?"

point had been adjudicated against appellant and was not open to reexamination in this habeas corpus proceeding. The district court agreed.

If the district court was correct in reaching this conclusion, there was no need for a hearing or an examination of the state court record, and it was not error to deny these requests.

The United States Supreme Court, after granting the petition for a writ of certiorari as to the publicity issue, examined the state court record pertinent thereto, considered briefs, and heard oral argument. It then stated, in a unanimous per curiam opinion, its conclusion of law that "the totality of circumstances disclosed" failed to support this substantial due process issue. While the action taken was to dismiss the writ rather than to affirm the state judgment, it was in practical effect an adjudication that the facts presented did not support the claim of deprivation of a constitutional right.

*Res judicata* does not apply to applications for habeas corpus and appellant was entitled to seek such relief in a federal district court despite this Supreme Court pronouncement.[3] Nevertheless, where a question of law is actually adjudicated by the Supreme Court, and where no newly-discovered facts are alleged which would cast that legal question in a new light a district or circuit judge is bound thereby, as in the case of any other adjudication of a question of law by the Supreme Court.[4]

In her application for a writ of habeas corpus, appellant did not allege newly-discovered facts pertaining to adverse publicity before and during the trial. In effect, then, she was presenting to the district court the same question of law which had been resolved against her by the United States Supreme Court. The district court correctly determined that under the circumstances the contention was not open for reconsideration by the district court. It therefore did not err in refusing to accept evidence or to examine the state court record as to the publicity issue.

■ The second ground for relief, as alleged in the application, was that in refusing to exclude four constitutionally unqualified jurors for cause, thereby requiring appellant to exercise four of the twenty peremptory challenges allowed to her by state law, the court in effect limited her to sixteen peremptory challenges, in violation of the equal protection and due process clauses of the Fourteenth Amendment.

The facts pertaining to the *voir dire* examination of these four jurors were presented in the state Supreme Court in connection with the automatic appeal, it being argued that the trial court erred, to appellant's prejudice, in failing to exclude these jurors for cause, and that the result was to deprive her of due process of law. That court rejected the contention, holding that the trial court did not abuse its discretion or otherwise err in this regard.

This point, however, was not presented to the United States Supreme Court in appellant's petition for a writ of certiorari. The failure to petition for a writ of certiorari with respect to that contention precluded district court consideration thereof in this subsequent habeas corpus proceeding, absent special circumstances justifying departure from that

---

3. Darr v. Burford, 339 U.S. 200, 214, 70 S.Ct. 587, 600, 94 L.Ed. 761. In his dissenting opinion in this case, at page 224, 70 S.Ct. at page 600, discussing a point concerning which the court was not in disagreement, Justice Frankfurter said: "* * * If the petition is granted and the State's view of his federal claim is sustained here, he may still sue out a writ in the District Court. * * *"

4. The reason given in Darr v. Burford, at pages 206, 212, 216, 70 S.Ct. 587, why

there must be a petition for certiorari from the state court judgment before a state prisoner may apply for federal habeas corpus, was that it was unseemly for a federal district court to, in effect, reverse a state Supreme Court. How much more unseemly it would be for a federal district court, in effect, to reverse both the state Supreme Court and the United States Supreme Court.

requirement. See Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587. No such special circumstances were shown here.

The district court was therefore without jurisdiction to consider this particular contention and did not err in refusing to receive evidence or to examine the state court record in an effort to determine the merits of this point.[5]

■ The third ground for relief, as alleged in the application, was that three constitutionally disqualified jurors were permitted to stay in the jury box after appellant had exhausted her peremptory challenges, thereby depriving appellant of equal protection and due process under the Fourteenth Amendment.

This was the second point concerning which the United States Supreme Court granted certiorari, and thereafter dismissed the writ because of the insufficiency of the facts to support the constitutional contention. No new facts were alleged in the instant petition. It follows that, for the reasons stated above, the district court was not required to receive evidence or examine the state court record and, as to this point, properly dismissed the application.[6]

■ The fourth ground for relief, as alleged in the application, has to do with the asserted misconduct of the prosecution in bringing before the jury information concerning unrelated acts of misconduct.

Appellant failed to raise this point in her petition for a writ of certiorari, although it had been raised and decided adversely to appellant in the California Supreme Court. No circumstances being shown which warrant departure from the rule of Darr v. Burford, the district court was without jurisdiction to consider that contention. It follows that the district court did not err in failing to receive evidence or examine the state record pertaining thereto.

What is said above disposes of appellant's arguments dealing with the necessity of holding a hearing to receive evidence and of examining the state court record, and also with all arguments advanced by her with regard to the merits, concerning these four grounds for relief.

■ One argument remains to be considered. Appellant contends that the district court erred in denying her motion to amend the application in two respects. The proposal was to add allegations to the effect that in bringing to the jury information concerning unrelated acts of misconduct, the prosecution acted in bad faith, and that the jurors remembered this information when they were in the jury room considering their verdict.

We have already held that, with respect to the original allegations concerning such misconduct, failure to apply for certiorari precluded district court consideration in the instant proceeding. Even if appellant had raised the question of misconduct in her petition for certiorari, however, she could not have referred to these new matters of bad faith and the memory of the jury. This is true because appellant had not advanced these contentions in her appeal to the California Supreme Court.

Since she failed to raise these points in her state appeal, she has not exhausted her state remedies, unless special circumstances exist excusing such failure. See 28 U.S.C. § 2254; Irvin v. Dowd, 359 U.S. 394, 404, 79 S.Ct. 825, 3 L.Ed.2d 900. As we stated in Chavez v. Dickson, 9 Cir., 280 F.2d 727, 733, state remedies

---

5. The fact that the district court gave a different reason for refusing these requests with respect to this point is immaterial.

6. In its petition for a writ of certiorari as to this point, appellant did not expressly invoke the equal protection clause. But if this omission denies the Supreme Court decision the status of an adjudication as to that issue, it also represents a non-compliance with the rule of Darr v. Burford, concerning the necessity of applying for certiorari. No special circumstances excusing failure to invoke the equal protection clause in its petition for certiorari were here asserted.

will not be deemed to have been exhausted within the meaning of § 2254, "if the failure to obtain a final state adjudication was due to inexcusable nonconformity with state procedural requisites."

Regarding the newly-tendered allegation that the prosecution acted in bad faith, counsel stated that he would prove that the District Attorney who tried the case was well-educated in the law, and therefore if he were acting in good faith he would not have had a change of mind over night. The reference here is to the fact that on the morning following the day on which the unrelated acts of misconduct were brought to the attention of the jury, the prosecution moved to strike all questions and answers concerning such acts and to instruct the jury to disregard them, which motion was granted.

Thus, no newly-discovered evidence was relied upon, but only a legal argument based on trial proceedings of record and the fact, which any court would assume for the purposes of argument, that the prosecutor was well-educated in the law. There was nothing to prevent appellant from making that argument in the State Supreme Court and, if resolved against her, urging the contention on her petition for certiorari.

 The newly-tendered allegation that the jurors remembered the information imparted by such misconduct when they were in the jury room, presents no substantial question of fact concerning which newly-discovered evidence could be considered. In dealing with a contention that an improper trial court occurrence

was of such a nature as to deprive the defendant of due process, the question is whether the occurrence was of a kind which must be presumed to have prejudiced the defendant despite instructions and other action taken by the trial court to cure the error.

In resolving that question the court starts with the assumption that the jurors were intelligent enough to remember the occurrence. Evidence which tends to prove that some of the jurors did in fact remember the improper conduct or other occurrence does nothing more than corroborate the assumption which the court has already made.

Since the tendered evidence as to what the jurors remembered added nothing to appellant's case on the misconduct point, she is still confronted with the jurisdictional difficulty, already noted, that this point was not raised on certiorari.[7]

The district court did not err in denying the motion to amend the application.[8]

Affirmed.

CHAMBERS, Circuit Judge (concurring).

While I concur in Judge Hamley's opinion, I think we ought to say right now that we would not ever approve of the proposed effort to impeach the jury's verdict by testimony as to what jurors remembered or said in the room in arriving at their verdict. The foregoing opinion just does not reach the question. I do not think that anyone is justified in believing from the opinion that the matter could be framed a little differently and then such things could be searched.

---

7. We accordingly need not decide whether: (1) evidence tending to impeach a jury verdict in a state criminal trial is ever admissible in a federal habeas corpus proceeding, (2) if newly-discovered evidence was tendered which might affect the conclusion to be reached, it should first have been presented in a state habeas corpus proceeding in order to exhaust state remedies, and (3) if the failure to discover the asserted newly-discovered evidence in time to move in the state court for a new trial constitutes inexcusable nonconformity with state judicial procedures. Appellant has not contended that her alleged newly-discovered evidence would be to the effect that jurors actually disobeyed the court's instructions to disregard the asserted misconduct. If such a contention had been made, it would have to run the gauntlet of the three lines of inquiry suggested above.

8. Prior to the oral argument we called for and received the entire state court trial record. No member of this court, however, has examined that record and hence our opinion herein has not been affected by the availability of that record.