Maurice H. HARDEMAN, Appellant,

v.

The PEOPLE OF the STATE OF CALI-
FORNIA et al., Appellees.

No. 24233.

United States Court of Appeals,
Ninth Circuit.

May 21, 1971.

Rehearing Denied June 18, 1971.

Frederick A. Cone (argued), of Har-
per & Cone, San Francisco, Cal., for ap-
pellant.

Timothy A. Reardon, Deputy Atty.
Gen. (argued), Robert R. Granucci, Dep-
uty Atty. Gen., Evelle J. Younger, Atty.
Gen. of California, San Francisco, Cal.,
for appellees.

Before HAMLEY, DUNIWAY and
ELY, Circuit Judges.

ELY, Circuit Judge:

Hardeman appeals the District Court's
denial of his petition for a writ of ha-
beas corpus. We affirm.

In October of 1964, the Grand Jury of
Santa Clara County, California, returned
a three-count indictment charging the
appellant, then a California Municipal
Court Judge, and one Wickholm with
conspiracy to pervert and obstruct jus-
tice and charging the appellant, Wick-
holm, and one Sherman with arson and
conspiracy to commit arson. The jury
found Sherman and Wickholm guilty on
all the counts on which they were
charged and found the appellant guilty
of Count I, conspiracy to pervert and ob-
struct justice, and Count III, conspiracy
to commit arson. The jury was unable
to reach a verdict as to the appellant on
Count II, arson, and the court declared a
mistrial on that Count. Hardeman ap-
pealed, and the California District Court
of Appeal affirmed his conviction on

Count I, but reversed the Count III conviction. People v. Hardeman, 244 Cal. App.2d 1, 53 Cal.Rptr. 168 (1966), cert. denied, 387 U.S. 912, 87 S.Ct. 1700, 18 L.Ed.2d 634 (1967). On the retrial of Count II, the jury returned a verdict of not guilty.

The appellant filed a petition for a writ of habeas corpus in the District Court, attacking his conviction for conspiracy to pervert and obstruct justice. Calif. Penal Code, § 182, subd. 5 (West 1970). In this petition he made new claims, and the District Judge returned these to the state courts. The Superior Court of Santa Clara County conducted an evidentiary hearing on the new allegations. The issues were decided adversely to the appellant, and the Findings of Fact and Conclusions of Law of the Superior Court Judge were upheld by the Supreme Court of California. The appellant then returned to the District Court, and the judge denied habeas relief. In doing so, he adopted the findings and conclusions of the Santa Clara Superior Court.

■ The charge of conspiracy to obstruct justice was grounded in large part upon the Grand Jury testimony of one Ruth Ferris. She testified that the appellant, with knowledge that Wickholm had stolen an air compressor, told Wickholm to obtain a false receipt for the compressor and told her not to talk to law enforcement officials. Ferris later married Wickholm and successfully invoked her marital privilege not to testify at the first trial. At appellant's retrial on Count II, she repudiated her Grand Jury testimony and testified in Hardeman's behalf, and Hardeman was, as we have said, acquitted of Count II. In his habeas petition before the District Court, the appellant claimed that the prosecution at the original trial suppressed the true testimony of Ferris. A full and fair evidentiary hearing on this was conducted by the California courts, and the District Court was thus entitled to accept the factual determination of the state courts. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

■ Many of the appellant's other claims of error were thoroughly litigated at his trial and were resolved against him by the California courts. Other of the asserted contentions are not of federal constitutional dimension. We cannot condone all of the state prosecutor's conduct[1] in connection with his references to Ferris at Hardeman's first trial, but the state courts have held that it was not so prejudicial to Hardeman as to invalidate his conviction. We have concluded that it was not so sufficiently harmful as to have infringed upon Hardeman's due process rights. Cf. Irvin v. Dowd, 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961); Lisenba v. California, 314 U.S. 219, 62 S.Ct. 280, 86 L.Ed. 166 (1941); Pike v. Dickson, 323 F.2d 856 (9th Cir. 1963); Chavez v. Dickson, 280 F.2d 727 (9th Cir. 1960).

Affirmed.

---

1. Before Hardeman's first trial, the state prosecutor had undertaken to enjoin Ferris from entering into marriage with Wickholm. It is apparent that it was expected that should such marriage occur, Ferris would invoke her marital privilege and refuse to testify for the prosecution. The requested injunction against the marriage was denied, and Ferris did refuse to testify. Despite this history, however, the prosecutor, in his opening statement to the jury at the first trial, referred to Ferris as a "witness" and as a "principal witness," and he detailed some of the facts, prejudicial to Hardeman and Wickholm, which could only have been properly proved through the testimony of Ferris. Since he had unsuccessfully sought to prevent the marriage, it seems inconceivable that the prosecutor expected that he could produce Ferris as a "witness" or that he could have presented such evidence as only she could have given in detail. We therefore think that his conduct in this particular respect was irresponsible.