UNITED STATES EX REL. JENNINGS *v.* RAGEN, WARDEN.

No. 185, Misc.  Decided January 12, 1959.

Petitioner *pro se.*

*Latham Castle,* Attorney General of Illinois, for respondent.

PER CURIAM.

The motion for leave to proceed *in forma pauperis* and the petition for writ of certiorari are granted.

Petitioner, confined under sentence of an Illinois court following his conviction of armed robbery, sought a writ of habeas corpus from the Federal District Court.  His petition contained allegations, primarily concerning the introduction into evidence at his trial of a confession coerced by physical mistreatment by police officers, which if true would entitle him to relief.  Appended to the petition were various documents, including an opinion of the Supreme Court of Illinois affirming his conviction and simultaneously affirming the denial to him of post-conviction remedies which he had sought in the trial court while

his appeal from the conviction was pending. See *People v. Jennings,* 11 Ill. 2d 610, 144 N. E. 2d 612. In that opinion, the state court held that the evidence before it warranted the trial court's finding that petitioner's confession had been voluntary.

The State responded to petitioner's application and urged dismissal. The District Court, on a record limited to the aforementioned documents augmented by a "report" prepared by an *amicus curiae* appointed by it, dismissed the application without a hearing. The Court of Appeals, in turn, denied petitioner's motion for a certificate of probable cause, 28 U. S. C. § 2253, and dismissed his appeal.

It appears from the record before us that the District Court dismissed petitioner's application without making any examination of the record of proceedings in the state courts, and instead simply relied on the facts and conclusions stated in the opinion of the Supreme Court of Illinois. We think that the District Court erred in dismissing this petition without first satisfying itself, by an appropriate examination of the state court record, that this was a proper case for the dismissal of petitioner's application without a hearing, in accordance with the principles set forth in *Brown* v. *Allen,* 344 U. S. 443, 463–465, 506. See also *Rogers* v. *Richmond,* 357 U. S. 220. It follows that the judgment of the Court of Appeals must be vacated and the case remanded to the District Court for further proceedings consistent with this opinion.

*It is so ordered.*

Mr. Justice Frankfurter took no part in the consideration or decision of this case.