Lynn P. FULLEN, Appellant,

v.

STATE OF WYOMING, Appellee.

No. 6249.

United States Court of Appeals
Tenth Circuit.

Jan. 26, 1960.

---

J. Albert Sebald, Denver, Colo., for appellant.

W. M. Haight, Asst. Atty. Gen. (Norman B. Gray, Atty. Gen., was with him on the brief), for appellee.

Before MURRAH, Chief Judge, LEWIS, Circuit Judge, and WALLACE, District Judge.

PER CURIAM.

This is an appeal from an order entered by the United States District Court for the District of Wyoming denying appellant's petition for a writ of habeas corpus. The order of denial was summarily entered without a hearing upon the stated finding:

"The Court having carefully examined the petition and affidavit in support of petition for a writ of habeas corpus filed on this date in the above entitled matter and being fully advised in the premises doth find that the Supreme Court of Wyoming has denied a similar writ and further finds that on June 11, 1959, the Supreme Court of the United States denied petitioner's petition for writ of certiorari; the Court doth further find, after an examination of the files in said case, that said petitioner's constitutional rights were all accorded him in the trial of his case, and the Court doth further find that said petition is without merit."

A certificate of probable cause was issued by a judge of this court, after denial by the trial court of an application for such certificate, to allow an appeal searching the sufficiency of the record to sustain the dismissal of appellant's petition without a hearing.

In substance, the petition alleges: That petitioner is presently incarcerated in the Wyoming State Penitentiary pursuant to a judgment and sentence imposed by a Wyoming district court after receiving petitioner's plea of guilty to a charge of murder in the second degree; that petitioner was not in fact guilty of such offense and pleaded guilty only because of the threats and promises of law enforcement officers; that he was similarly coerced into waiving the right to counsel;[1] that he has been denied relief in the state courts and has exhausted such remedy including the denial of an application for certiorari to the Supreme Court of the United States.

The factual matters alleged premising a claim of coercion were controverted by the affidavits of a Wyoming prosecuting attorney and a police officer of the city of Casper. Such affidavits were filed subsequent to the denial of the writ and after notice of appeal, a most unusual procedure. However, even if the trial court had had this evidence before entering its order, the existence of a serious question of fact prevents the entry of a summary order denying the petition. The matters alleged in the petition are dehors the record and, if true, are sufficient to vitiate the appellant's conviction; under the circumstances, the trial court must issue the writ of habeas corpus, have the petitioner produced, and hold a hearing at which evidence is received, Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830; 28 U.S.C.A. § 2243.

Although apparently conceding that the denial of certiorari by the United States Supreme Court has not the effect of res judicata upon the issues presented where no reasons appear in the order, the State's Attorney General would yet give some persuasive effect to the Supreme Court's action. That conten-

---

1. The petition alleges in narrative detail the names of officers involved, their alleged threats and promises, when and where made, and the subjective effect obtained.

tion was fully reviewed and disposed of by Justice Frankfurter's opinion in Brown v. Allen, 344 U.S. 443, 489–497, 73 S.Ct. 397, 97 L.Ed. 469; it is completely without merit.

Reversed with directions to grant petitioner a hearing.