Charles Ray SCHERER, Appellant,

v.

STATE OF WYOMING, Appellee.

No. 6269.

United States Court of Appeals
Tenth Circuit.

April 14, 1960.

William P. Johnson, Denver, Colo., for appellant.

W. M. Haight, Deputy Atty. Gen. of Wyoming (Norman B. Gray, Atty. Gen. of Wyoming, was with him on the brief), for appellee.

Before PICKETT and BREITENSTEIN, Circuit Judges, and SAVAGE, District Judge.

PER CURIAM.

Charles Ray Scherer is confined in the Wyoming State Penitentiary under a life sentence as an habitual criminal. After exhausting available state remedies, he sought relief by habeas corpus in the United States District Court for the District of Wyoming, alleging the sentence to be invalid because, upon arraignment, he entered a plea of guilty to the crime of burglary, but not to the charge of being an habitual criminal. The District Court ordered an authenticated copy of the proceedings had in the state court in connection with the arraignment, plea and sentence of Scherer to be

made a part of the record.[1] Upon an examination of the record, the court dismissed the petition without a hearing, and this appeal was allowed.

■ The information filed in the state court charged the defendant with the crime of burglary and, in addition, alleged that he had previously been convicted of three felonies. Upon this information, he was sentenced as an habitual criminal under Section 9–110, W.C.S. 1945. The Wyoming Habitual Criminal Act does not create a separate offense. Its purpose is to provide for the imposition of increased punishment if an accused has been previously convicted as described in the Act. An accused might be guilty of the crime charged in the information and not guilty of the alleged prior convictions; he might enter a plea of guilty to the offense charged and deny the previous convictions. In such cases it would be necessary for the state to allege and prove the prior convictions. Waxler v. State, 67 Wyo. 396, 224 P.2d 514. As there was no trial on the information, the petitioner could not be legally sentenced as an habitual criminal without a plea of guilty. See United States ex rel. Collins v. Claudy, 3 Cir., 204 F.2d 624.

■ The record here does not contain a transcript of the proceedings upon arraignment in the state court. The judgment and sentence entered after arraignment recites that the defendant appeared before the court for judgment and "having been convicted upon his plea of guilty to burglary and being an habitual criminal under the provisions of Section 9–110 Wyoming Compiled Statutes 1945, being the crime charged in the information * * * *", was to be imprisoned for a period of not less than life. The State of Wyoming contends the language of the judgment shows that the petitioner not only pleaded guilty to burglary but also to the habitual criminal charge. It is clear from the judgment that the petitioner

pleaded guilty to the crime of burglary, but the reference to the habitual criminal charge could be interpreted as a mere recital and not an admission or plea of guilty by defendant. In the absence of a transcript of the proceedings upon arraignment and plea showing that the petitioner pleaded guilty to the entire information, a question of fact is presented on this issue which can be determined only at a hearing. Fullen v. Wyoming, 10 Cir., 274 F.2d 840. See also People ex rel. Jennings v. Ragen, 358 U.S. 276, 79 S.Ct. 321, 3 L.Ed.2d 296.

Reversed and remanded with directions to grant the petitioner a hearing.

---

1. Authenticated copies of the Information. Order Appointing an Attorney for the

Defendant, and the Judgment and Sentence were the only documents filed.