**UNITED STATES of America ex rel. Talbot JENNINGS, Relator-Appellant,**

v.

**Joseph E. RAGEN, Warden, Illinois State Penitentiary, Joliet, Illinois, Respondent-Appellee.**

**No. 12918.**

United States Court of Appeals
Seventh Circuit.

June 10, 1960.

Talbot Jennings, pro se.

William C. Wines, Asst. Atty. Gen., Grenville Beardsley, Atty. Gen., Raymond S. Sarnow, A. Zola Groves, Edward M. White, Asst. Attys. Gen., of counsel, for appellee.

Before HASTINGS, Chief Judge, KNOCH, Circuit Judge, and PLATT, District Judge.

KNOCH, Circuit Judge.

Talbot Jennings is serving a sentence for a term of not less than ten nor more than twenty-five years, in the Illinois State Penitentiary, at Joliet, Illinois, after conviction, in 1949, of armed robbery.

He petitioned the District Court for writ of habeas corpus on the ground that a confession introduced in evidence at his trial in the Illinois Court was secured through unlawful detention, physical brutality and abuse at the hands of police officers. The Supreme Court of Illinois, in affirming both the conviction and a denial of post-conviction remedies, held that the evidence justified a finding by the Illinois trial court that the confession was voluntary.

The District Court dismissed the petition for writ of habeas corpus without oral hearing, after consideration, not of the entire Illinois State Court record, but only of the documents attached to the petition, including the Illinois Supreme Court's opinion, People v. Jennings, 1957, 11 Ill.2d 610, 144 N.E.2d 612, and a report of amicus curiae appointed by the District Court. This Court dismissed Jennings' appeal.

The United States Supreme Court, United States ex rel. Jennings v. Ragen, Warden, 1959, 358 U.S. 276, 79 S.Ct. 321, 3 L.Ed.2d 296, granted petition for writ of certiorari and held that the District Court erred in dismissing the petition without first satisfying himself by examination of the Illinois State Court record that this was a proper case for dismissal of petition without a hearing.

On remand the District Court considered the complete records of Jennings' State Court conviction and post-conviction proceedings. The District Court concluded:

"This court is satisfied upon the full records before it that the findings of the state courts that the challenged confession was freely and voluntarily given by petitioner are correct, and that there has been no denial of federal due process of law. Accordingly, this court is of the opinion that the Rule should be discharged and the petition dismissed."

These same records are before us and have been the subject of careful scrutiny by this Court. We are compelled to agree with the District Court. It thus appears to us that the District Court has fulfilled the requirements laid down for him by the United States Supreme Court.

Due process is satisfied when the State produces evidence sufficient reasonably to convince the jury, or the trial judge sitting without a jury, that a confession is voluntary and not coerced. Stein v. New York, 1953, 346 U.S. 156, 187, 73 S.Ct. 1077, 97 L.Ed. 1522. In the Stein case, Mr. Justice Jackson, speaking for the Supreme Court, said that petitioners there had confused the more rigid rule of exclusion promulgated for federal courts with the more limited requirements of the Fourteenth Amendment. However, the Illinois Supreme Court held that where there is evidence of extortion, the prosecution, if feasible, must produce every police officer or other person connected with taking the confession, to ascertain whether it was voluntary. People v. Jennings, supra, 11 Ill. 2d at page 615, 144 N.E.2d 612 and other cases there cited.

Jennings contends that the prosecution failed to call all of the police officers whom he accused of complicity in the extortion of his confession. Our study of the whole record does not support that contention.

At the trial, the Illinois Court appointed, as counsel for Jennings, Mr. George N. Leighton, a particularly distinguished member of the Illinois bar and a highly competent criminal law attorney. It is significant that the following interchange occurred:

"The Court: * * * I want to be certain that we have all the witnesses here.

"Mr. McDonnell: [the prosecutor] We have all the witnesses that are pertinent or that are implicated

at all by the defendant, Talbot Jennings.

"The Court: Is there any witness, Mr. Leighton?

"Mr. Leighton: I don't know of any, your Honor."

The judgment of the District Court is affirmed.