Lynn P. FULLEN, Appellant,

v.

STATE OF WYOMING, Appellee.

No. 6408.

United States Court of Appeals
Tenth Circuit.

Oct. 3, 1960.

J. Albert Sebald, Denver, Colo., for appellant.

W. M. Haight, Deputy Atty. Gen. of Wyoming (Norman B. Gray, Atty. Gen. of Wyoming, was with him on the brief), for appellee.

Before PHILLIPS, LEWIS, and BREITENSTEIN, Circuit Judges.

PER CURIAM.

Appellant, Fullen, who is confined in the Wyoming penitentiary under a 20–25 year sentence imposed after his plea of guilty to a second degree murder charge, appeals from a denial of a writ of habeas corpus. On a former appeal, Fullen v. State of Wyoming, 10 Cir., 274 F.2d 840, we reversed a judgment dismissing Fullen's petition without a hearing and remanded the case with directions that he be granted a hearing. Such hearing has now been held. Fullen, who was represented by able appointed counsel, was present and testified at length. The arresting and investigating officers, the prosecuting attorney, and the sentencing judge also testified. After the hearing, the trial court made comprehensive findings of fact and conclusions of law and dismissed the petition for the writ.

The homicide occurred during a drinking party engaged in by Fullen, the decedent and fellow workers on a railroad labor gang. Death resulted from stab wounds. Fullen was arrested shortly thereafter and, after having been advised of his right to an attorney and of the possibility of his statements being used against him, made a confession which he has never repudiated. Upon arraignment in state district court he was advised by the judge of his right to an attorney and of the consequences of a plea of guilty. Fullen declined an attorney and entered a plea of guilty. The court continued the matter for a week, requested Fullen to consider further his plea, recommended the assistance of an attorney, and ordered a pre-sentence investigation and report. Upon the return of Fullen to the court he again declined the appointment of counsel and persisted in his plea of guilty. The court, after examination of the pre-sentence report, imposed a 20–25 year sentence.

Fullen, who was 35 years of age at the time of the commission of the crime, is an intelligent and experienced individual who admitted one prior felony conviction and several minor infractions of the law. The record discloses that Fullen voluntarily and with full and intelligent knowl-

edge and understanding of his rights and in a competent manner waived counsel and entered a plea of guilty; that such plea was not induced by any threats, coercion or other improper action of state officials; that the requirements of Wyoming law were fully satisfied; and that Fullen had been denied no constitutional right. The findings of the trial court are not clearly erroneous and are dispositive of the case.

Affirmed.