**William R. MILLS, Petitioner,**

v.

**William C. HOLMAN, Warden, Kilby Prison, Alabama, Respondent.**

**Civ. A. No. 2000–N.**

United States District Court
M. D. Alabama, N. D.

Jan. 6, 1964.

Warren S. Reese, Jr., Montgomery, Ala., court-appointed attorney for the petitioner.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., State of Alabama, Montgomery, Ala., for respondent.

JOHNSON, District Judge.

The petitioner Mills by order of this Court made and entered herein on November 8, 1963, filed in forma pauperis his application for a writ of habeas corpus. The petitioner alleges that he is presently incarcerated by the State of Alabama at Kilby Prison, Montgomery, Alabama, in violation of his constitutional rights. He alleges, further, that his constitutional rights were violated by the State of Alabama, acting through the Circuit Court of Tuscaloosa County, Alabama, in October 1959, at which time he was found guilty of the offense of carnal knowledge of a girl under twelve years of age and was sentenced, upon a jury verdict, to a term of sixty years imprisonment in the State penitentiary. In the petition now presented, Mills says that his constitutional rights were violated and his present incarceration is illegal in that he was denied the right to competent and effective counsel during the proceedings which resulted in the sentence he is now serving, and that he was denied the right to witnesses in his behalf upon said proceeding.

Upon this showing, this Court in its order of November 8, 1963, directed that the respondent Warden appear in this case on or before the 9th day of December, 1963, and show cause why this Court should not issue the writ of habeas corpus as herein prayed for by the petitioner Mills. Pursuant to this order, the respondent Warden, by and through the Attorney General for the State of Alabama, after securing from this Court an extension of time, filed in this case on December 30, 1963, a return and answer

and, in the alternative, a motion to dismiss the application of Mills. With this return and answer, the respondent Warden presents to this Court several exhibits, including a full and complete transcript of the evidence taken upon the original trial in this case, and a recitation of the evidence taken upon the petition for writ of error coram nobis filed by Mills in his attempt to exhaust the remedies available to him by the State of Alabama—as he is required to do under Title 28, § 2254, United States Code—and the order of the trial judge, which includes findings of fact and conclusions of law denying the application for writ of error coram nobis, said order having been entered by the State court on November 20, 1962.

The issue now presented in this proceeding relates to a state prisoner's right to a plenary hearing in this Court on his habeas corpus petition, notwithstanding a prior determination of substantially identical issues by the state court that conducted the original trial, imposed the sentence, and subsequently conducted the coram nobis proceeding. From an examination of the pleadings and documents, including the transcript presented to this Court, this Court now specifically finds and concludes that all of the matters which Mills now seeks to present to this Court in his habeas corpus petition were fully and fairly presented and considered in his State court coram nobis proceeding. The record, as now presented, reflects that Mills was fully and fairly represented by court-appointed counsel at his original trial and was fully and fairly represented by both retained and court-appointed counsel upon the coram nobis proceeding.

This Court further specifically finds and concludes that the hearing by the Circuit Court of Tuscaloosa County, Alabama, as reviewed and affirmed by the Supreme Court of Alabama (the opinion being reported as Mills v. State, 275 Ala. 217, 153 So.2d 650) was without vital flaw. It affirmatively appears to this Court upon this submission that a full, fair and impartial judicial inquiry was conducted by the State court concerning each of the allegations Mills now makes to this Court in support of his petition for a writ of habeas corpus. It further affirmatively appears that the order and judgment—which includes detailed findings of fact and conclusions of law, as made and entered on November 20, 1962, by the Honorable W. C. Warren, Circuit Judge, Circuit Court of Tuscaloosa County, Alabama, after the submission in the coram nobis proceeding—reflects that the State of Alabama has given full and fair consideration to each and every issue Mills now seeks to raise by his petition for a writ of habeas corpus in this Court. The entire record in this case, as it concerns the handling of the matter by the State courts, reflects an awareness on the part of the State judicial officers of the constitutional requirement that imposes upon them the same responsibilities to protect persons from violations of their constitutional rights as are imposed upon Federal courts. Under the facts as presented in this case, this Court elects not to entertain and conduct a hearing on petitioner Mills' application for habeas corpus for the reason that each of the grounds in support of said application as now presented has been determined adequately and fairly by the courts of the State of Alabama. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770; Rogers v. Richmond, 357 U.S. 220, 78 S.Ct. 1365, 2 L.Ed.2d 1361; United States ex rel. Jennings v. Ragen, 358 U.S. 276, 79 S.Ct. 321, 3 L.Ed.2d 296; Thomas v. Arizona, 356 U.S. 390, 78 S.Ct. 885, 2 L.Ed.2d 863; Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469, and Allison v. Holman, 5th Cir., 326 F.2d 294. As a matter of fact, the showing by the respondent Warden in this case is considerably stronger than the showing he made in the Allison case. There is no question here that the record as presented is "of sufficient completeness * *" within the meaning of what the Supreme Court of the United States said in Draper v. Washington, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899. The manner in which the State of Alabama has handled

this case—particularly as to the inquiry made upon the coram nobis proceeding and the response and return filed in this Court, including the transcript—should serve as a model in future cases.

In accordance with the foregoing, and for good cause, it is the order, judgment and decree of this Court that the petition of William R. Mills for a writ of habeas corpus filed herein in forma pauperis by leave of this Court in its order of November 8, 1963, be and the same is hereby denied.

It is further Ordered that this cause be and the same is hereby dismissed.

The Clerk of this Court is ordered and directed to forward copies of this order to William R. Mills in care of the Warden, Kilby Prison, Montgomery, Alabama, and to the Honorable Warren S. Reese, Jr., attorney for the petitioner, and to the Honorable Richmond M. Flowers, Attorney General, State of Alabama, Montgomery, Alabama, attorney for the respondent.