Melvin THOMPSON, Appellant,

v.

Wingate WHITE, Warden, Louisiana State Penitentiary, Angola, Louisiana, Appellee.

No. 25247.

United States Court of Appeals Fifth Circuit.

March 5, 1968.

Melvin Thompson, pro se.

Teddy W. Airhart, Jr., Asst. Atty. Gen., Baton Rouge, La., for appellee.

Before COLEMAN, AINSWORTH and DYER, Circuit Judges.

PER CURIAM:

Melvin Thompson appeals from a denial of his petition for habeas corpus without a hearing. We reverse and remand for an evidentiary hearing.

The appellant was tried and convicted for possession of marihuana, a violation of La.R.S. 40:962. He was sentenced on November 19, 1964, to serve ten years in prison. There was no direct appeal from the judgment, but it appears that the appellant has exhausted his available state post-conviction remedies in compliance with the provisions of 28 U.S.C. § 2254.

The appellant alleges that he was arrested in his hotel room without probable cause therefor and without a warrant, at which time the marihuana was seized which was used in evidence against him. He attached a copy of the police report made by the arresting officers, to his petition for habeas corpus filed in the district court.

On the question of probable cause to arrest, the police report states that the desk sergeant in the office of the narcotics division of the New Orleans Police Department received an anonymous telephone call that a Negro male had some information but did not wish to discuss the matter on the telephone. An officer was sent to the prescribed location, where the man "requested that his name not be used, and stated that the maid at the Gladstone Hotel was cleaning Apt. # 2–1 and had accidentally rubbed against a shirt and a narcotic outfit fell from the pocket. He also told Officer Favaloro that a colored male and a colored female had rented the room under the name of Joseph. He also stated that

they had a late model, red and white Bonneville Pontiac and they usually came back to the hotel about this time, approximately 1:00 P.M. and remained in their room."

The officers immediately placed the hotel under surveillance. Before long, they saw the appellant and a woman, one Emmalean Johnson, drive up near the hotel in a red and white Pontiac automobile, which they parked. The two suspects were then seen to go into the hotel, and the officers placed themselves outside Room 2–1, from whence they heard incoherent noises and talking.

The police report states that the officers surmised that the two suspects were injecting themselves with narcotics in the room. They decided to make the arrest without a warrant because no judge could be found to sign one, and they felt that immediate apprehension of the suspects was necessary to prevent destruction of the evidence. Upon entering the room, an officer allegedly found the marihuana in a small match box found in the pocket of a shirt in the room.

■ The Supreme Court held in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), that evidence obtained by searches and seizures in violation of the Federal Constitution is inadmissible in state criminal trials. In the case at bar, the search having been without a warrant, the question is whether there was probable cause for an arrest without a warrant, with the search and seizure incidental thereto. As this Court recently stated, in Bailey v. United States, 5 Cir., 1967, 386 F.2d 1:

"Information from an unknown source or a source unverified as to its consistent reliability is not of itself probable cause. Potter v. United States, 362 F.2d 493 (5th Cir. 1966). See Jones v. United States, 362 U.S. 257, 269, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959). However, the veracity of an unknown informer can be sufficiently

determined by the searching officers' personal observation of some activity which is consistent with the tip but which would appear harmless without it. Lane v. United States, 321 F. 2d 573 (5th Cir. 1963); Cali v. United States, 338 F.2d 974 (1st Cir. 1964); United States v. Sharpe, 322 F.2d 117 (6th Cir. 1963)."

See also, State of Texas v. Gonzales, 5 Cir., 1968, 388 F.2d 145.

■ The police report does not constitute evidence which would justify denial of habeas corpus relief. Cf. 28 U.S.C. §§ 2246, 2247. The district court ordered the respondent to file the transcript of the state trial proceedings, during which a defense motion to suppress relative to the marihuana was denied. Apparently there was no trial transcript, there having been no direct appeal; and no hearing was held in any state court on the appellant's applications for post-conviction relief. Thus the district court was afforded no basis for evaluation of the state courts' decisions that the evidence was admissible. See 28 U.S.C. § 2254. As the Supreme Court stated in Townsend v. Sain, 372 U.S. 293, 319, 83 S.Ct. 745, 760, 9 L.Ed.2d 770 (1963):

"A District Court sitting in habeas corpus clearly has the power to compel production of the complete state-court record. Ordinarily such a record—including the transcript of testimony (or if unavailable some adequate substitute, such as a narrative record), the pleadings, court opinions, and other pertinent documents—is indispensable to determining whether the habeas applicant received a full and fair state-court evidentiary hearing resulting in reliable findings. See United States ex rel. Jennings v. Ragen, 358 U.S. 276, 79 S.Ct. 321, 3 L.Ed.2d 296; Townsend v. Sain, 359 U.S. 64, 79 S. Ct. 655, 3 L.Ed.2d 634. Of course, if because no record can be obtained the district judge has no way of determining whether a full and fair hearing which resulted in findings of relevant fact was vouchsafed, he must hold

one. So also, there may be cases in which it is more convenient for the district judge to hold an evidentiary hearing forthwith rather than compel production of the record. It is clear that he has the power to do so."

The Supreme Court stated further, 372 U.S. at 318, 83 S.Ct. at 759, that "The duty to try the facts anew exists in every case in which the state court has not after a full hearing reliably found the relevant facts."

Our conclusion is that the appellant is entitled to have an evidentiary hearing on the merits of his habeas corpus petition. The Judgment dismissing the petition is therefore reversed and the case is remanded for further proceedings.

Reversed and remanded.