**Marvin John PICHE, Appellant,**

v.

**B. J. RHAY, as Superintendent of the Washington State Penitentiary at Walla Walla, Washington, Appellee.**

**No. 23138.**

United States Court of Appeals,
Ninth Circuit.

Feb. 17, 1970.

---

**1310**

Marvin J. Piche, in pro. per.

Slade Gorton, Atty. Gen., State of Washington, Olympia, Wash., for appellee.

Before CHAMBERS and KOELSCH, Circuit Judges, and SOLOMON*, District Judge.

KOELSCH, Circuit Judge.

This is an appeal from a judgment of the district court dismissing an action brought by Marvin John Piche, an inmate of the Washington State Penitentiary, to secure a writ of habeas corpus.

Piche based his claim for relief upon the Fourth, Fifth and Sixth Amendments, made applicable to States by the Fourteenth. In his complaint he alleged eight instances which he contended constitutional violations of rights guaranteed him by those amendments.[1] The

---

* Gus J. Solomon, Chief Judge, United States District Court, Portland, Oregon, sitting by designation.

1. The eight matters, entitled by Piche "Grave Allegations" I through VIII, and the Amendments assertedly violated are:

| | | |
|---|---|---|
| I. | Admission of evidence of escape and prosecutor's comment. | Denial of Fair Trial<br>Amendments VI and XIV |
| II. | Admission into evidence of a Cadix 38 cal. revolver secured by an unreasonable search and seizure. | Amendments IV and XIV |
| III. | Admission into evidence of pictures of a Cadillac automobile secured by unreasonable seizure. | Amendments IV and XIV |
| IV. | Reference in the caption of the court's instructions to Piche by an unproved alias. | Denial of Fair Trial<br>Amendments VI and XIV |
| V. | Prejudicial comment by prosecutor. | Denial of Fair Trial<br>Amendments VI and XIV |
| VI. and VII. | Use of coerced confessions. | Amendments V and XIV |
| VIII. | Denial of effective assistance of counsel. | Amendments VI and XIV. |

district court, although recognizing that some of the contentions rested upon unresolved factual premises, did not issue an order to show cause; neither did it call for nor have before it any state court record. Instead, the district court proceeded to determine and dispose of Piche's entire claim, largely on the basis of the Washington Supreme Court's opinion affirming Piche's criminal conviction. State v. Piche, 71 Wash.2d 583, 430 P.2d 522 (1967). That opinion did not purport to detail the underlying evidence but was limited essentially to statements of ultimate facts and conclusions. The district court erred in relying upon it [People of the United States ex rel. Jennings v. Ragen, 358 U.S. 276, 79 S.Ct. 321, 3 L.Ed.2d 296 (1959)] and summarily dismissing Piche's claim.

Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963) expressly declares that in habeas corpus matters, where material facts are in dispute, a federal court must hold an evidentiary hearing "unless the state-court trier of fact has after a full hearing reliably found the relevant facts"; (*id.* at p. 312–313, 83 S.Ct. at p. 757) in the latter event the federal court may in its discretion accept the findings of the "state court trier of fact" and dispense with an independent factual inquiry of its own, provided the state finding on the contested fact is reliable. Of course such findings are reliable if, and only if, supported by substantial evidence and, as *Townsend* points out, ordinarily "the complete state court record" is "indispensible" to that determination. (*id.* at p. 319, 83 S.Ct. 745).

The judgment must be vacated and the matter remanded for further proceedings consistent with this opinion.[2] By this direction we do not mean to intimate that the district court must hold a

hearing and that on any such hearing Piche be in attendance. The district court may, if it desires, secure the "complete state court record" in the criminal action, and this without more may disclose facts acceptable to the court sufficient to dispose of all or some of Piche's contentions. In short, we recognize the district court's discretion. Machibroda v. United States, 368 U.S. 487, 495–496, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). Finally, we note that Piche in his petition simply alleges generally that he has exhausted state remedies. An amendment to make this general allegation more definite might substantially affect the scope of the inquiry or warrant its postponement until the state is given an opportunity to act; but here too we defer to the district court's judgment.

Ordered accordingly.

---

**2.** "Grave Allegations" I and V, as a matter of law, do not show or tend to show error of constitutional dimension.

The substance of "Grave Allegation" IV was not considered by the district court because at that time it was the subject of a pending petition for certiorari filed

with the United States Supreme Court. However, the petition has since been denied [Piche v. Rhay, 393 U.S. 969, 89 S.Ct. 409, 21 L.Ed.2d 382] and the district court should now consider the matter.