**Jesse Ray MAXWELL, Petitioner-Appellant,**

v.

**Frank A. EYMAN, Warden, Arizona State Prison, Respondent-Appellee.**

**No. 24655.**

United States Court of Appeals, Ninth Circuit.

July 27, 1970.

Jesse Ray Maxwell, in pro. per.

Gary K. Nelson, Atty. Gen., Carl Waag, Deputy Atty. Gen., Phoenix, Ariz., for respondent-appellee.

Before KOELSCH and HUFSTEDLER, Circuit Judge, and THOMPSON,* District Judge.

PER CURIAM.

This appeal is one of many in which a district court has summarily denied habeas relief to an applicant on the basis of the factual conclusions appearing in a state appellate court's opinion affirming the petitioner's conviction on a criminal charge.

 Such short-cutting is impermissible. The proper procedure to follow, in instances where the application contains allegations of substance, has been frequently outlined by this court—see for example Wright v. Dickson, 336 F.2d 878 (9th Cir. 1964). And we should perhaps emphasize that a district court may not dispense with an evidentiary hearing unless satisfied from an inspection of the record in a state court proceeding that the "state court trier of fact has * * * reliably found the relevant facts. Townsend v. Sain, 372 U.S. 293, 312–313, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963). A state appellate court's opinion containing mere recitals of ultimate factual conclusions does not suffice. 28 U.S.C. 2254 (d). U. S. ex rel. Jennings v. Ragen, 358 U.S. 276, 79 S.Ct. 321, 3 L.Ed.2d 296

---

* Honorable Bruce R. Thompson, United States District Judge, Reno, Nevada, sitting by designation.

(1959); Piche v. Rhay, 9 Cir., 422 F.2d 1309 (1970).

The judgment is vacated and the matter is remanded for further proceedings.

THOMPSON, District Judge (dissenting).

I respectfully dissent. Some habeas corpus petitions do properly require an order to show cause and a return which exposes the entire state court record for review. This is not such a case. The petition here contains no allegations of substance.

In his petition, Petitioner stated four basic grounds for relief, (1) new evidence discovered after conviction; (2) denial of motion for continuance to permit production of alibi witnesses; (3) bias of appointed counsel; and (4) denial of a fair and speedy trial. The petition forthrightly acknowledges that grounds 1, 3 and 4 had not previously been presented to a state court for consideration. Ground 2, that is, denial of the motion for a continuance, had been the ruling of the trial court which was sustained on appeal. State v. Maxwell, 103 Ariz. 478, 445 P.2d 837. The district court denied the petition for failure to exhaust state remedies and because the denial of the motion for a continuance did not pose a question of federal constitutional significance.

The following quotation from Appellee's Brief succinctly articulates the posture of this case:

"In the three years since October 1966, appellant has not claimed on his appeal to the Arizona Supreme Court, nor on his application for writ of habeas corpus to the District Court, nor on this appeal, that the names and residences of the witnesses are known; nor has he set forth the facts expected to be proved by the witnesses; nor has he indicated any diligence whatsoever in seeking the witnesses; nor has he made any suggestion that the witnesses could now, or could at any time since 1966 have been found; nor that their testimony would substantiate his claim of alibi."

In my view, petitioner certainly has not pleaded an abridgement of due process of law arising from the refusal of a postponement of the trial.

I would affirm the judgment of the district court.