UNITED STATES of America ex rel.
George E. DAVIS, #25710,
Appellant,

v.

Howard D. YEAGER, Warden.

No. 17852.

United States Court of Appeals,
Third Circuit.

Submitted on Briefs Sept. 17, 1971.

Decided Dec. 30, 1971.

Adams, Circuit Judge, filed concurring opinion.

George E. Davis, pro se.

Edward Roy Rosen, Asst. Prosecutor, Freehold, N. J. (Vincent P. Keuper, Monmouth County Prosecutor, Freehold, N. J., on the brief) for appellee.

Before BIGGS, ADAMS and MAX ROSENN, Circuit Judges.

## OPINION OF THE COURT

MAX ROSENN, Circuit Judge.

This is a pro se appeal from a decision of the United States District Court for the District of New Jersey, denying petitioner-appellant's application for a writ of habeas corpus pursuant to 28 U.S.C. Section 2241 et seq.

Appellant is serving a term of life imprisonment and is presently confined in the New Jersey State Prison at Trenton, on a sentence imposed by the Monmouth County Court on February 2, 1947. He was indicted for a first degree murder on September 19, 1946. After a trial of three days, appellant withdrew his plea of not guilty and entered a plea of non vult.[1]

Appellant took no direct appeal from his conviction, but an application for habeas corpus was eventually filed in the Monmouth County Court. It was denied

---

1. New Jersey statute prescribes pleas of guilty to any indictment for murder. However, the same statute, inter alia, provides that: "Nothing herein contained shall prevent the accused from pleading non vult or nolo contendere to the indictment. . . ." N.J.Statutes 2A:-113-3.

on January 16, 1964, in an opinion which contains a summary of certain testimony at that hearing (first hearing). While the summary is in the records, the transcript of this hearing appears to be lost.

Subsequently, appellant applied in the state court for post conviction relief under the New Jersey Rules. On December 3, 1964, after a hearing (second hearing), appellant's application for post conviction relief was denied. At this hearing, appellant's attorney during his trial on the indictment for murder testified. A full transcript of this hearing appears in the record and reveals that appellant was not present in the court during this testimony. An appeal from this judgment was dismissed by the New Jersey Supreme Court on May 12, 1965.

On August 27, 1968, appellant filed an application for habeas corpus in the United States District Court for the District of New Jersey. Appellant's petition alleged that his indictment and conviction were based on a confession which had been produced by beatings and denial of counsel; and that his plea of non vult had been forced on him by his assigned counsel in collusion with the trial judge. The district court, in a written opinion, found that appellant's confession had not resulted from beatings or denial of counsel; it found that his plea of non vult was freely and understandably given and dismissed the petition.

The district court reached these conclusions by relying on both the summary of the proceedings of the first hearing, which was provided in the opinion of the judge who presided at that hearing, and on a transcript of the testimony in the second hearing of appellant's trial lawyer. As noted above, regrettably and inexplicably, the appellant was not personally present at the second hearing when his trial counsel gave testimony pertaining to the trial proceedings on the murder charge.

We do not reach the important substantive issues raised by the appellant in the district court concerning his plea since we are confronted with the threshhold question of whether the court below had an adequate record on which it could deny appellant's application for relief. We find that it did not because of the unfortunate loss of the transcript of testimony of the first hearing and the crucial absence of the appellant during his second hearing.

Appellant raised a serious constitutional issue in his application for habeas corpus in the district court. He charged that his plea had been forced upon him.[1a] This contention could only have been resolved by findings of fact. To resolve the issues of fact, the district court turned first to the "summary" of the first hearing, which was provided in the opinion of the judge who presided at that hearing.

An examination of the judicial summary in the opinion of the first hearing reveals that it supplied only those facts which the court believed necessary to substantiate its denial of appellant's appeal for habeas corpus. Although this summary was prepared by the judge who conducted the hearing and heard the testimony, we do not believe that it could have formed a sufficient record by which the district court could determine whether the petitioner had received a full and fair state court hearing on the issues raised by him. United States ex rel. Jennings v. Ragen, 358 U.S. 276, 79 S.Ct. 321, 3 L.Ed.2d 296 (1959), fortifies our conclusion since the Supreme Court there held that a district court, in determining in a habeas corpus application whether defendant's confession had been coerced, could not merely rely "on the facts and conclusions stated in the opin-

---

[1a.] Davis' first claim, that his plea was the result of an involuntary confession, fails to state a ground for relief. Mc-Mann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). His second claim, that his attorney in collusion with the trial judge, forced him to plead guilty, does state a claim which must be considered under *McMann*.

ion of the Supreme Court of Illinois" without examining the record of proceedings in the state courts.

*Jennings* must be read as supplying a guideline to the holding in Townsend v. Sain, 372 U.S. 293, 319, 83 S.Ct. 745, 760, 9 L.Ed.2d 770 (1963), in which the Supreme Court stated:

> [S]uch a record—including the transcript of testimony (or if unavailable some adequate substitute, such as a narrative record), the pleadings, court opinions, and other pertinent documents—is indispensable to determining whether the habeas applicant received a full and fair state-court evidentiary hearing resulting in reliable findings. See United States ex rel. Jennings v. Ragan, (sic), 358 U.S. 276 [79 S.Ct. 321, 3 L.Ed.2d 296]; Townsend v. Sain, 359 U.S. 64 [79 S. Ct. 655, 3 L.Ed.2d 634].

We do not imply that a transcript of the first hearing was essential for review. There are other alternative procedures and methods for completing or reconstructing a sufficient record for the review of the issues raised by an application for post conviction relief. See Brown v. Allen, 344 U.S. 443, 464, f.n. 19, 73 S.Ct. 397, 97 L.Ed. 469 (1952). We do hold that this summary without more was not an "adequate substitute" for a transcript of the first hearing, and thus should not have been used by the district court as a basis for the facts on which it relied. Townsend v. Sain, *supra*, 372 U.S. at 319, 83 S.Ct. 745.[2]

The second hearing might have provided an adequate basis for the conclusions reached by the district court had appellant been present at that hearing, in which his former counsel, Edward Juska, testified. Appellant, however, was not present.

The transcript shows that the presiding judge had serious doubts about the propriety of allowing testimony in the absence of the appellant.[3] These doubts were well founded but the court nevertheless proceeded to take testimony. This testimony should not have been allowed unless the petitioner was personally present since it required the presentation of oral testimony on a material issue of fact obviously within the petitioner's personal knowledge.[4] When the petitioner is a state prisoner, this is also the rule for federal evidentiary hearings. Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830 (1941). 28 U.S.C. § 2243 of the applicable habeas corpus statute provides, *inter alia*, that:

> Unless the application for the writ and the return present only issues of law the person to whom the writ is directed shall be required to produce at the *hearing* the *body* of the person detained. (Emphasis supplied.)

> The applicant or the person detained may, under oath, deny any of the facts set forth in the return or allege any other material facts.

The justification for the rule and the foregoing provisions of the statute is illustrated in this proceeding. In dismissing the petition, the district court relied on the transcript of the testimony of appellant's former trial counsel, Edward Juska. It touched on the role of petitioner's trial counsel and the testimony concerning the validity of the peti-

---

2. See Developments—Federal Habeas Corpus, 83 Harv.L.Rev. 1038, 1125; Wright & Sofaer, Habeas Corpus for State Prisoners: The Allocation of Fact Finding Responsibility, 75 Yale L.J. 895 (1966).

3. When appellant's counsel, Evans, requested permission from the court to call Mr. Juska, the judge stated: "I don't believe so, Mr. Evans. I am hesitating just a moment. It seems to me, as I recall the rule, if any factual matter is to

be argued, it must be in the presence— the defendant has a right to be present."

4. NJRR 3:22–10. Presence of Defendant at Hearing; Preference:

"The proceedings shall be given preference and be determined promptly. A defendant in custody may be present in court in the court's discretion and *shall be entitled to be present* when oral testimony is adduced on a material issue of fact within his personal knowledge." (Emphasis supplied.)

tioner's confession and plea; and it commented on the failure of the petitioner to introduce evidence or substantiation which would negate the conclusions that could be, and were, drawn from the testimony of his former counsel. The district court stated:

> [P]etitioner alleges as an independent ground for relief the undue influence of the trial judge and his assigned counsel in inducing his plea of non vult. However, he has introduced no evidence or substantiation for his claim . . .

Under these circumstances, and since an important issue of fact was raised involving petitioner's charge that his trial counsel and the trial judge, in collusion, used undue influence in inducing his plea, the presence of the petitioner and an opportunity for him to testify was essential under the New Jersey statutes unless he knowingly and intelligently waived it. Petitioner was not present and therefore, could not testify. Although an assigned lawyer for petitioner was present and proceeded to call and examine a witness, there is nothing that we have been able to discover in the record of that hearing that reveals express or implied waiver by the petitioner personally of his right to be present. We agree that there are situations in which an attorney must be assumed to have authority to take certain measures without consulting his client, "if the adversary system is to function."[5] See United States v. Alper, 3 Cir., 449 F.2d 1223 (1971). However, no such authority may be assumed in such a vital and crucial decision, as that of waiving the statutory right of the petitioner to be present at a hearing when oral testimony is adduced "on a material issue of fact within his personal knowledge."

Under these circumstances, we hold that the testimony of appellant's trial counsel, should not have been considered by the district court, under Townsend v. Sain, *supra*, because "the state fact-finding procedure . . . was not adequate . . ." (372 U.S. at 316, 83 S.Ct. at 759).

Although the district court dealt exhaustively with the constitutional issues which this petition brought to it, the record on which it relied was insufficient, for the reasons given above, to form a basis for the conclusions of fact which the district court made.

We have examined the entire record on which the district court reached its decision, and we find no other material which could be used, on remand, as a basis for another, de novo, attempt by the district court to resolve this petitioner's claim without a hearing.

> [I]f because no record can be obtained the district judge has no way of determining whether a full and fair hearing which resulted in findings of relevant fact was vouchsafed, he must hold one. Townsend v. Sain, *supra*, at 319, 83 S.Ct. at 760.

We are aware of the onerous demands made upon an already overburdened district court, but because of the condition of the state-court record before that court, we are constrained to remand this case to the district court for the requisite evidentiary hearing.

The judgment of the district court will be reversed.

ADAMS, Circuit Judge (concurring).

Because I am concerned that a violation of petitioner's rights might have occurred and that petitioner might not have been fully heard on his claim, I concur in the result reached by the majority. It should be noted, however, that in my judgment by ordering the remand in this case, we have reached what would appear to be the outermost limits of habeas corpus.

I am comforted somewhat in my concurrence, because the question posed by the appeal is not whether we should grant the writ of habeas corpus and set Davis free but whether the state court

---

5. Gibbons, Waiver: The Quest for Functional Limitations on Habeas Corpus Jurisdiction, 2 Seton Hall L.Rev. 291, 297 (1971).

records were adequate to justify the District Court's denial of the petition without holding an evidentiary hearing.

In 1947, after three days of trial, Davis changed his plea to the charge of murder from not guilty to *non vult*. For the purpose of the present proceeding, *non vult* is equivalent to a plea of guilty. In his petitions for habeas corpus in both the state and the federal courts, Davis sought to attack his plea as involuntary. He alleged first that the plea was motivated by a confession coerced from him by the police, and second that the plea was "the direct result of undue influence by the trial judge and assigned counsel."

In dealing with Davis' two averments, we must be guided by the Supreme Court's decisions in the McMann trilogy.[1] McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), held that when on advice of competent counsel a defendant pleads guilty in a state prosecution, he waives any objections he might have to an allegedly coerced confession. *Id.* 774, 90 S.Ct. 1441. *See* United States ex rel. Johnson v. Russell, 444 F.2d 1177 (3rd Cir., July 7, 1971). Therefore, Davis' first claim, standing alone, clearly gives rise to no federal relief.

However, the Supreme Court, in *McMann*, was also confronted with claims by the habeas petitioners concerning the competence of their counsel, based on grounds other than the arguably bad advice of counsel that the confessions would be admissible at trial. With regard to these claims, the Supreme Court said (397 U.S. at 772, 774, 90 S.Ct. at 1449, 1450, 25 L.Ed.2d 763):

". . . a plea of guilty in a state court is not subject to collateral attack in a federal court on the ground that it was motivated by a coerced confession unless the defend-

ant was incompetently advised by his attorney. For the respondents successfully to claim relief based on Jackson v. Denno [378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908] each must demonstrate gross error on the part of counsel when he recommended that the defendant plead guilty instead of going to trial and challenging the New York procedures for determining the admissibility of confessions.

\*       \*       \*       \*       \*       \*

"It is no denigration of the right to trial to hold that when the defendant waives his state court remedies and admits his guilt, he does so under the law then existing; further, he assumes the risk of ordinary error in either his or his attorney's assessment of the law and facts. Although he might have pleaded differently had later decided cases then been the law, he is bound by his plea and his conviction unless he can allege and prove serious derelictions on the part of counsel sufficient to show that his plea was not, after all, a knowing and intelligent act."

Thus, in the absence of a state record sufficient to answer the charge of "serious derelictions on the part of counsel," it is necessary for a district court to hold an evidentiary hearing on this point.

Petitioner does allege that his court-appointed counsel at the 1947 trial colluded with the trial judge to influence Davis to plead guilty. If, based on the state court record, reply to this averment could be in the negative, the judgment of the District Court should be affirmed. Unfortunately, the state court record is inadequate, because, when, at the second state habeas hearing, Davis' court-appointed counsel elicited testimony from Davis' trial counsel, Davis was not present, as required by New Jersey law.[2]

1. Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1969) ; McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970) ; Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1969).

2. NJR 3:22–10. Although Mr. Juska's testimony was probably outside Davis' personal knowledge, there may be a sufficient question on this point to afford Davis an opportunity to be present when such testimony is adduced.

It seems incongruous indeed that twenty-five years after the entry of his plea of *non vult* and seven years after the second habeas hearing, Davis should now be able to take advantage of the admission into evidence of testimony which his own lawyer insisted upon presenting. The transcript of the second habeas hearing contains the following significant exchange:

"The Court: Very well. Mr. Applegate.

"Mr. Evans: May I call Mr. Juska [Davis' original trial counsel] as to one question, if your Honor please, as to the plea at the time of the trial. This as to the weight that was given to the confession by the defendant himself, and by Mr. Juska at the time of the confession.

"The Court: I don't believe so, Mr. Evans. I am hesitating just a moment. It seems to me, as I recall the rule, if any factual matter is to be argued, it must be in the presence— the defendant has a right to be present. I hadn't anticipated anything of that nature to be contemplated.

"Mr. Evans: If your Honor please, if I may refresh your memory, with all due respect, I conferred with your Honor in Chambers several weeks ago, at which time you instructed me to have Mr. Juska present for that specific question.

"The Court: All right, call him."

The record gives no indication of the reason for Davis' non-attendance at the hearing. It is not possible, therefore, for us to determine whether Davis, in any way, waived his right to be present.

Under these circumstances, and because Davis was not present to examine Mr. Juska, his first court-appointed lawyer, or to rebut Mr. Juska's testimony, I reluctantly agree with the majority that Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963) requires that Davis now be given the opportunity to do so.

It is only by giving petitioner the benefit of the doubt in each of these instances that he is able to avail himself of a federal forum. Thus, because of an exception to the rule of McMann v. Richardson, *supra*, Davis has avoided summary denial of his petition, and because of a technicality in New Jersey law he is entitled to a hearing in federal court during which he will be given the opportunity to prove what appears to be a highly unlikely circumstance.

However, rather than the relief which is inherent in the majority opinion, I would enter an order (1) limiting the hearing on remand to the taking of the testimony, with Davis present, of Mr. Juska, and then the testimony of Davis in rebuttal; (2) providing that if Mr. Juska's testimony and Davis' rebuttal would not support a finding that Mr. Juska was incompetent, such failure to end the new hearing and result in a dismissal of the petition; and (3) making it clear that the burden of proof is on Davis. United States ex rel. Grays v. Rundle. 428 F.2d 1401 (3rd Cir. 1970).