**Leonard D. SHEPPARD, Appellant,**

v.

**Terrell Don HUTTO, Commissioner, Arkansas Department of Correction, Appellee.**

No. 75–1816.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 10, 1976.

Decided May 11, 1976.

J. R. Nash, Little Rock, Ark., for appellant.

Jackson M. Jones, Asst. Atty. Gen., Jim Guy Tucker, Atty. Gen., Little Rock, Ark., for appellee.

Before LAY, HEANEY and STEPHENSON, Circuit Judges.

PER CURIAM.

This is an appeal from denial of an Arkansas prisoner's application for a writ of habeas corpus. In 1972, petitioner Sheppard was convicted in state court for possession of stolen property and was sentenced as an habitual offender to 25 years in the penitentiary. No appeal was taken. Sheppard then filed a state post-conviction proceeding. This was denied and the denial was affirmed on appeal. *Sheppard v. State*, 498 S.W.2d 668 (Ark.1973). Thereafter, Sheppard filed a *pro se* petition for a writ of habeas corpus in the federal district court asserting, *inter alia*, the denial of effective assistance of counsel at the time of his state court conviction. The writ was denied and this appeal followed.

On appeal, Sheppard alleges that the federal district court erred in denying him an evidentiary hearing on his claims of denial of effective assistance of counsel and of the right to confront his accuser. He also asserts that the district court erred in dismissing, for failure to exhaust state remedies, his claim that he was forced to testify against himself.

At the time this appeal was heard, this court remanded the cause to the district court due to the district court's failure to examine the complete record of the state proceedings, including the transcript of testimony at the post-conviction hearing. The district court had reviewed only the opinion of the Arkansas Supreme Court. The State of Arkansas conceded this was error under *United States ex rel. Jennings v. Ragen*, 358 U.S. 276, 79 S.Ct. 321, 3 L.Ed.2d 296 (1959).[1]

On April 19, 1976, the district court filed a supplemental order pursuant to the re-

---

1. The Supreme Court stated in *Jennings*:
   It appears from the record before us that the District Court dismissed petitioner's ap-

plication without making any examination of the record of proceedings in the state courts, and instead simply relied on the facts and

mand. After review of the transcript and the contentions of the parties, the district court found:

■ 1. The petitioner was not denied the effective assistance of counsel at trial in state court.

■ 2. The petitioner's confrontation rights were not violated by the failure of his counsel to call his accuser, Burnett Isom Kelly, at trial.

■ 3. The petitioner's right to freedom from self-incrimination was not violated by the state trial judge's question at the sentencing hearing as to whether Sheppard had ever been sentenced to life imprisonment.

This court has reviewed the district court's thorough analysis, and is satisfied that these findings are correct.

The order denying the application for writ of habeas corpus is affirmed.

conclusions stated in the opinion of the Supreme Court of Illinois. We think that the District Court erred in dismissing this petition without first satisfying itself, by an appropriate examination of the state court record, that this was a proper case for the dismissal of petitioner's application without a hearing, in accordance with the principles set forth in *Brown v. Allen*, 344 U.S. 443, 463–465, 506, 73 S.Ct. 397, 97 L.Ed. 469.
358 U.S. at 277, 79 S.Ct. at 322, 3 L.Ed.2d at 297.